ULLMAN v. HANNIBAL & ST. JOSEPH R. R. Co., *Plaintiff in Error.*

**Railroad**: LIABILITY OF COMPANY FOR TORTIOUS ENTRY OF ITS CONTRACTOR ON LANDS OF ANOTHER. A railroad company, by whose direction a contractor for the construction of its road enters and builds the road upon land which it has acquired, subject to an existing lease, is liable, as a joint tort-feasor with the contractor and his servants, for damages done by them, in the prosecution of the work, to the crops of the lessee.

*Error to Buchanan Circuit Court.*—HON. JOSEPH P. GRUBB, Judge.

*James Carr* for plaintiff in error, argued that if the road had been built by the company's officers, agents and employees, it would have been liable on the doctrine of *respondeat superior;* but having been built by an independent contractor, who took the whole job at a stipulated price, employing and paying his own workmen, over whom the company had no control, it is not liable, citing *Clark v. Hann. & St. Jo. R. R.,* 36 Mo. 202; *Barry v. St. Louis,* 17 Mo. 121; *Harriman v. Stowe,* 57 Mo. 98; 1 Redfield on Railways, 506; *Laugher v. Pointer,* 5 B. & C. 547; *Quarmann v. Burnett,* 6 M. & W. 499; *Reedie v. N. W. R. R. Co.,* 4 Exch. 248; *Peachy v. Rowland,* 16 Eng. L. and E. 442; *Overton v. Freeman,* 8 Ib. 479; *Sadler v. Henlock,* 30 Ib. 167; *Steel v. S. E. R. R. Co.,* 32 Ib. 366; *Scott v. Mayor, &c.,* 38 Ib. 477; *Bailey v. Mayor,* 3 Hill 531; 2 Denio, 433; *Delmonico v. Mayor,* 1 Sandf. 222; *Lloyd v. Mayor,* 1 Selden 369; *Blake v. Ferris,* 1 Seld. 48; *Pack v. Mayor,* 4 Seld. 222; *Kelly v. Mayor,* 1 Kernan 432; *Currier v. Lowell,* 16 Pick.

170; *Lowell v. B. & L. R. R. Co.*, 23 Pick. 24; *Hilliard v. Richardson*, 3 Gray 349; *Carson v. Godley*, 2 Casey, 111; *Erie v. Schwingle*, 10 Harris 384; *West Chester v. Apple*, 11 Casey 284; *Samyn v. McClosky*, 2 Ohio St., 536; *Carman v. S. & I. R. R. Co.*, 4 Ohio St. 399; *DeForrest v. Wright*, 2 Mich. 368; *Wiswall v. Brinson*, 10 Ired. 554; *Buffalo v. Holloway*, 3 Seld. 493; *Milligen v. Wedge*, 12 A. and E. 737; *Allen v. Hayward*, 7 Id. N. S. 960; *Rapson v. Cubitt*, 9 M. & W. 710; *Knight v. Fox*, 1 Eng. Law and Eq. 477; *Painter v. The Mayor, &c.*, 46 Penn. St. 213; *O. & M. R. R. Co. v. Davis*, 23 Ind. 553; Story on Agency, §§ 453, 454; Pierce on Am. Railway Law, pp. 235, 242; 2 Hilliard on Torts, §§ 533, 551.

*W. H. Sherman* for defendant in error, argued that as the contractor had no right on the plaintiff's land, except through the authority of the company, the contractor must to that extent be considered as its servant, and the company must be liable for his acts.    *West v. St. L., V. & T. H. R. R. Co.*, 63 Ill. 545; *C., St. P. & F. R. R. Co. v. McCarthy*, 20 Ill. 385; *O. & M. R. R. Co. v. Dunbar*, 20 Ill. 623; *Lesher v. Wab. Nav. Co.*, 14 Ill. 85; *Hinde v. Wab. Nav. Co.*, 15 Ib. 72; *Robbins v. Chicago*, 4 Wall. 679; *Vt. C. R. R. Co. v. Baxter*, 22 Vt. 365; *Stone v. Cheshire R. R. Co.*, 19 N. H. 427; *Carman v. Steuben, &c., R. R. Co.*, 4 Ohio St. 415; *Storrs v. Utica*, 17 N. Y. 104; *Congreve v. Smith*, 18 N. Y. 79; *Creed v. Hartman*, 29 N. Y. 591; S. C. 8 Bosw. 123; *Mayor v. Furze*, 3 Hill 612; *Lowell v. R. R. Co.*, 23 Pick. 31; *Lauderbrun v. Duffy*, 2 Penn. St. 398; Wharton on Negligence, §§ 185, 186, 187 and note 6; Shearman & Redfield on Neg. 423; Redfield on Railways, Vol. 1, § 68, p. 247, (3d Ed.); *Hole v. S. & S. Rail'y Co.*, 6 Hurlst. & Norm. 497; *Pickard v. Smith*, 10 C. B. (n. s.) 470; *Gray v. Pullen*, 5 Best & Smith 970; *Ellis v. Gas Co.*, 2 Ellis & Bl. (75 E. C. L.) 767, 770; *Newton v. Ellis*, 5 Ellis & Bl. 124.

The cases bearing upon the question of the liability

of an employer for acts of contractors and employees may be ranged in three classes:

1st. Early in the history of cases of this character, it was held that the employer was liable, at all events, for the negligence of employees in doing work, whether there was an intermediate contractor or not.

2nd. Subsequent decisions, made in a reactionary spirit, restricted this rule of law until it was at last held by able courts that the relation of principal and agent, or master and servant, must be established in all cases before any responsibility could be fixed upon the principal or employer.

3rd. The principle, however, upon which this action is based, soon became an exception, recognized and approved by the courts, that the principal or employer is liable for injuries caused by the action or negligence of the contractor where the act or neglect which occasioned the injury results directly from the work which the contractor agrees, or is authorized by the employer, to do.

This classification of the authorities and these distinctions are discussed and recognized in *Ware v. Water Co.*, 2 Abb. (U. S. C. C.) 261; S. C. 16 Wall. 566. See also *Williamson v. Fischer*, 50 Mo. 198.

The entry by Singleton was an encroachment for which the company is responsible under the rule that all who instigate, promote, co-operate in or abet the commission of a trespass are guilty. *Williamson v. Fischer, supra*; *Ellis v. Sheffield Gas Co.*, 2 Ellis & Bl. 767; *Berry v. Fletcher*, 1 Dillon 67; *Carman v. S. & I. R. R. Co.*, 4 Ohio St. p. 418; *Treat v. Reilly*, 35 Cal. 129; *Green v. Kennedy*, 46 Barb. 16. And a corporation is liable where it ratifies a trespass. Hilliard on Torts, pp. 424, 425; *Fox v. Northern Liberties*, 3 W. &. S. 103; *Vanderbilt v. Richmond*, 2 Comst. 479; *Wilson v. Tumman*, 6 Mann. &. Gr. 236.

HOUGH, J.—In the year 1872 the plaintiff was tenant in possession of certain land in Buchanan county, belong-

ing to William Fowler. During the existence of the lease the defendant purchased of Fowler a right of way over said land, for the purpose of constructing thereon a branch railroad. There was no condemnation of the plaintiff's leasehold interest in that portion of the land over which the right of way was granted by Fowler, nor was said interest acquired by the defendant in any other manner. About the 1st of September, 1872, during the existence of the lease, James M. Singleton, under and by virtue of a contract made by him, with the defendant, to construct said branch road, entered for that purpose, with a force of men, upon the right of way aforesaid, and in the execution of said work, destroyed the crops of the plaintiff. Plaintiff instituted the present action to recover damages for the injuries thereby sustained, and obtained judgment in the circuit court.

The defendant resisted a recovery on the ground that the injuries were not inflicted by its officers, agents or servants, but by the servants and employees of the contractor, Singleton, who was exercising an independent employment, and who employed, paid and controlled the hands engaged upon the work. The right of way acquired by the defendant was subject to the leasehold interest of the plaintiff; it is clear that the defendant had no right to enter upon the land in question without the plaintiff's consent; and having no such right itself, it could confer none upon the contractor and his workmen. The contractor and his wo. ..men were, therefore, trespassers, and having gone there at the instance and by the direction of the defendant, for the purpose of constructing its road, the defendant was also a trespasser with them, and as such was jointly liable for all damages directly resulting from the work done by them in the execution of the contract. *Williamson v. Fischer*, 50 Mo. 198. The case of *Clark v. The Hannibal & St. Jo. R. R. Co.*, 36 Mo. 202, cited by defendant's counsel, is not in point. In that case the defendant had acquired a complete and perfect right

to enter upon the land of the plaintiff and construct its road, and the trespasses and injuries complained of were committed by the servants and employees of the contractor who had engaged to do the work. It was held that the principle of *respondeat superior* applied to the contractor only, and not to the corporation.

If the defendant in this case could have lawfully entered upon the land of the plaintiff, that case would be decisive of this. But here the defendant was a joint tortfeasor with the contractor and his servants, and the principle of *respondeat superior* has no application. Finding no substantial error in the record, the judgment will be affirmed. All concur.

AFFIRMED.