RAILWAY COMPANY *v.* KNOTT.

Decided April 18, 1891.

1.  *Railway—Right of way—Fencing.*

    A railway company which has acquired the right to construct its road through a farm owes no duty to keep up the fencing on the right of way unless it has bound itself to do so.

2.  *Trespass—Independent contractor.*

    A railway company is not liable for a trespass committed off the right of way by the servants of an independent contractor, though its engineer supervised the work of opening the right of way, so far as to see that it was performed according to contract.

APPEAL from *Lafayette* Circuit Court.

CHARLES E. MITCHEL, Judge.

Appeal from a judgment for the recovery of damages for a trespass committed by the employees of defendant, the St. Louis, Arkansas and Texas Railway Company, "by throwing down the fences on and around plaintiff's farm, both on and off the right of way." The facts are stated in the opinion.

*Montgomery & Moore* and *Sam H. West* for appellant.

The injuries or trespasses complained of were committed by Holman & Son, sub-contractors, who were not servants

of the company. A railroad company is not liable for injuries occasioned by the trespass or negligence of the servants or laborers of an independent contractor. The mere fact that the work of construction is to be done by a contractor, under the direction and to the satisfaction of a superintendent employed by the company is not such a reservation of control as to render the company liable for the negligent execution of the work by the contractor or his servants. 2 Wood, Ry. Law, 1008–9; 1 Rorer on Rys., 468; Wood, Mast. & S., 602, *et seq*; 58 N. H., 52; 4 Exch., 254; 35 N. J. L., 17; 80 Penn. St., 102; 38 Barb. (N. Y.), 653; 36 Mo., 202; 61 N. Y., 180; 40 Mo. App., 456; 84 Mo., 117; 13 S. W. Rep., 333; Story on Agency, sec. 454, and note; Mecham, Agency, sec. 747; Cooley on Torts (2d ed.), 643. The entry on the land was lawful, and the evidence shows that the trespass was not authorized or assented to by the railroad or its engineer. . 30 A. & E. R. Cases, 384; 29 *id.*, 590, and notes; 15 *id.*, 100.

MANSFIELD, J. At the time of the injury complained of the plaintiff held the lands on which the alleged trespass was committed as the tenant of John Taylor. The latter had previously granted to the defendant company a right of way over the lands for its road. Whether such grant was made before or after the lease to the plaintiff, is not shown by either the pleadings or the evidence. The lease was for only one year, and was probably by parol. But if it was prior to the defendant's purchase of the right of way, and the plaintiff was in the actual possession of the lands at the time of such purchase, then the defendant was charged with notice of his lease-hold interest, and took the right of way subject thereto. *Ullman* v. *Hannibal R. Co.,* 67 Mo., 118; *McKinley* v *Chicago Ry. Co.,* 40 Mo. App., 456; *Turman* v. *Bell, ante,* p. 273. In that event the defendant had no right of entry as against the plaintiff, unless it was acquired by contract with him, or by proceedings under the statute to condemn to the use of the road his estate as

1. Railway's duty to keep up fencing.

lessee in so much of the land as was to be occupied by the right of way. And if the company's contractors by its direction entered upon the lands before it had thus acquired a complete right to do so, it was a trespasser jointly with them and liable to the plaintiff as such. *Ullman* v. *Hannibal R. Co.*, 67 Mo., *supra*. But the record discloses no contest as to the right of way, and this action was apparently not for a wrongful entry on the lands, nor for any injury resulting directly from the work of constructing the roadbed. The complaint alleges that the damages sued for resulted from the act of Holman & Son in throwing down and leaving down the fencing of the Taylor farm " both on and off of the right of way of said  *  *  railroad," thus causing the destruction of the plaintiff's crops. The language quoted would seem to recognize the existence of a right of way belonging to the defendant; and on the trial the plaintiff in effect disclaimed any right of action for an injury suffered by the work of grading the road through his fields. There is no express allegation of a wrongful entry, and the only controversy between the parties in the court below, as indicated by the evidence on both sides, was as to the liability of the defendant for damages caused by the wrongful acts or negligence of Holman & Son.

The complaint states that the fencing was left down " both on and off the right of way." If the defendant had acquired the absolute right to construct its road through the farm, then it was not its duty to keep the fencing up on the right of way unless it had bound itself to do so. *Cockrum* v. *Williamson*, 53 Ark., 131 ; *Clark* v. *Hannibal R. Co.*, 36 Mo., 218. As to the fencing off the right of way, the work contracted for did not, so far as shown by the evidence, require it to be removed or taken down. And the defendant cannot be presumed to have authorized its removal by merely directing the contractors to enter upon the right of way.

2. Liability for trespass of independent contractor. But it is alleged that Holman & Son were the employees of the defendant, and that they committed the acts com-

plained of under orders from its engineer. These allegations are both denied by the answer, and neither of them is supported by the evidence. It is admitted that the Holmans were sub-contractors under Ball & Co., and that the latter were sub-contractors under McCarthy & Kerrigan, who were the contractors with the defendant for building its entire road. The evidence shows that while the defendant's engineer supervised the work, so far as to see that it was performed according to the contract of McCarthy & Kerrigan, he exercised no immediate control over their employees or sub-contractors. The Holmans were not employed by the defendant, and there is nothing to show that they were under its control or subject to the orders of its engineer. The relation of master and servant evidently existed between them and the laborers they employed. But if they were themselves the servants of any of the parties interested in the work on the road, they sustained that relation to Ball & Co., and not to the defendant. *Clark* v. *Hannibal R. Co.*, 36 Mo., *supra.; Blumb* v. *City of Kansas*, 84 Mo., 112; *McKinley* v. *Chicago Ry. Co.*, 40 Mo. App., 449; *Wray* v. *Evans*, 80 Penn. St., 102; *Railway* v. *Yonley*, 53 Ark., 503, and authorities cited. The defendant was not therefore liable for any injury committed by Holman & Son, unless the act was done by its direction. And there was no testimony to show that the engineer authorized or directed them to leave open the plaintiff's fencing on the right of way or to throw it down off the right of way. The evidence, as set forth in the bill of exceptions, is not sufficient to sustain the verdict of the jury, and the judgment must on that ground be reversed. The cause will be remanded, with directions to the court below to grant the defendant a new trial, and to permit the plaintiff to amend his complaint if he should desire to do so.

Having indicated our view of the law applicable to the facts of this case as they are presented in the record, we do not think it necessary to pass upon the correctness of every part of the court's charge to the jury. But it may be proper

to say that, as we understand the complaint, the first four instructions embrace propositions that are not strictly pertinent to the issue formed by the pleadings nor to any question raised by the evidence. And we think the phrase "superintending control," as used in the fifth and sixth instructions, was misleading. From these instructions, as qualified by that phrase, the jury may have inferred that the general supervision exercised by the engineer over the construction of the road was of itself sufficient to create the relation of master and servant between the defendant and the sub-contractors.