WHITE RIVER RAILWAY COMPANY *v.* HAMILTON.

Opinion delivered July 22, 1905.

| 76 | 333 |
| 77 | 555 |

| 76 | 333 |
| 81 | 367 |

1. ACTION ON CONTRACT—RECOVERY IN TORT.—Where a complaint sounded on a contract, it was error to instruct that the plaintiffs might recover in tort. (Page 335.)

2. RAILROAD—CONTRACT TO REBUILD FENCE.—It was error to assume in the instructions that it was the duty of the railroad company, under the written contract, to fence its right of way, when the deed which evidenced the contract provided only that it should reconstruct the fences when the same are on its right of way. (Page 335.)

Appeal from Baxter Circuit Court.

JOHN W. MEEKS, Judge.

Reversed.

Thomas Hamilton and G. E. Cunningham jointly sued the White River Railway Company and George C. Smith, a contractor in the employ of such company, alleging that Cunningham owned 120 acres, and sold defendant company a right of way 100 feet wide over and across same; that defendant company contracted to rebuild, replace and keep up all fences in and over said right of way, so as to protect the crops; that, in violation of said contract, defendants failed to replace said fences and

permitted stock to enter the fields and destroy the crops, to the value of $300.

The answer denied every allegation in the complaint.

At plaintiffs' request, the court charged the jury as follows:

"1.    This is an action by the plaintiffs for damages alleged to have been caused by the destruction of the crop raised by the plaintiff Thos. Hamilton on the lands of the plaintiff G. E. Cunningham. If you find from the evidence that the plaintiff Thos. Hamilton planted and cultivated a crop on the lands of the plaintiff G. E. Cunningham, described in plaintiffs' complaint, during the farming season of the year 1902, and that the defendants, or either of them, caused the destruction of said crop or any part thereof by breaking or throwing down the plaintiffs' fences, whereby the stock broke in and destroyed the same, you will find for the plaintiffs, and assess their damages at the value of the crop so destroyed, or such part thereof as was destroyed.

"2.    If you find from the evidence that the defendant White River Railway Company, in accepting a deed to its right of way through the lands of the plaintiff G. E. Cunningham, agreed to fence its said right of way, and that in consequence of its failure to fence its said right of way the crop of the plaintiff was left exposed to the inroads of stock, and thereby damaged or destroyed, you will find for the plaintiffs against both of the defendants, and assess the damages of the plaintiffs at the value of that part of said crop so destroyed."

The court also, of its own motion, charged the jury:

"If you find from the evidence that the plaintiffs erected a fence around the crop mentioned in plaintiffs' complaint sufficient to protect the same, and that the defendants, or either of them, or their employees, broke or threw down said fence, whereby the plaintiffs' crop was destroyed by stock, then you will find for the plaintiffs the value of the crop so destroyed, or so much thereof as you find was destroyed in consequence of such throwing down or breaking of said fence."

A verdict was returned for plaintiffs, from which the defendant railway company appealed.

*B. S. Johnson,* for appellant.

·There is no evidence to sustain an action growing out of a breach of contract.   54 Ark. 426; 53 Ark. 131; 47 Ark. 334; 58 Ark. 503; 54 Ark. 424.

*Thomas Hamilton,* for appellees.

If there was a misjoinder of causes of actions and parties, the same was barred by not filing a motion to compel an election.   48 Ark. 424.   It could not be raised by demurrer.   43 Ark. 230; 44 Ark. 202.   To reconstruct means to construct again.   17 Am. & Eng. Enc. Law, 24.   The railway company was liable under an express contract.   55 S. W. 940.   8 Am. & Eng. Enc. Law, 431; 54 Mich. 13; 55 S. W. 540.

HILL, C. J.   This was an action by a landowner and his tenant for the destruction of the tenant's crop by cattle destroying it, owing to the railroad company failing to rebuild, replace and maintain fences pursuant to a contract between the railroad and the landowner.   The contract sued upon was in a deed to a right of way over the land in which this is part: "Said railway company to reconstruct fences when same are on right of way, and to provide necessary road crossings and stock guards."   There is no allegation and no evidence to impeach the ·above-quoted clause as being the correct written evidence of the contract.

The court gave three instructions, which will be set out by the Reporter, together with the substance of the pleadings.   The first instruction is erroneous in that it authorizes a recovery for a tort when the complaint counted alone upon a contract.   The second instruction is erroneous in that it states that if the jury find from the evidence that in accepting the deed the railroad company agreed to fence its right of way, and in consequence of its failure the crop was left exposed to the inroads of stock, etc., the company was liable; whereas the deed alone evidenced the contract, and it was to construct fences when the same are on the right of way, which may be a very different matter from fencing the right-of-way.

The third instruction, is, like the first, based on the theory that the action is one of tort for breaking or throwing down the fences.   The railroad company had a right, in the construction of the road, to break and throw down the fences, and agreed to recon-·struct them when they were on the right of way.   The plaintiff's

action must be, under the complaint and evidence, confined to a breach of the stipulation in the deed, and it cannot be made broader than the parties made it; nor can a tort arise from the railroad breaking the fences, for this contract clearly contemplates such to be done, and required their reconstruction. For a failure to comply with its terms the company is liable, and to its terms the action must be limited.

Reversed and remanded for new trial.