ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* GILLIHAN.

Opinion delivered February 3, 1906.

1. INDEPENDENT CONTRACTOR—DEFINITION.—An independent contractor is one who, in the course of an independent occupation, prosecutes and directs the work of his employer, using his own method to accomplish it, and representing the will of the company only as to the result of his work. (Page 553.)

2. SAME—LIABILITY OF EMPLOYER.—Where an independent contractor is employed to perform a work lawful in itself and not intrinsically dangerous, the employer, if not negligent in selecting the contractor, is not liable for the wrongful acts or negligence of such contractor. (Page 553.)

3. SAME.—For trespasses by independent contractors which were not the natural result of the work they were employed to do, or were not

authorized or directed by the employer, no liability attaches to the latter. Thus, where an independent contractor was employed by a railway company to build a roadbed, the company was not liable for the contractor's unlawful and unauthorized acts in destroying rails of a third person, or for building roads on the latter's land and tearing down his fences not on the right of way. (Page 554.)

4. ACTION ON TORT—NO RECOVERY ON CONTRACT.—In an action of tort it is inadmissible to introduce evidence tending to prove a violation of a contract. (Page 555.)

Appeal from Izard Circuit Court; JOHN W. MEEKS, Judge; reversed.

*B. S. Johnson*, for appellant.

1. The appellant was not responsible for the negligence or wrongful acts of an independent contractor. 53 Ark. 503; 55 Ark. 510.

2. It was error to admit testimony to establish a parol contract to fix the fences in time to make a crop. The deed could not be varied by parol evidence.

3. The court admitted improper testimony as to the value of the crop. For measure of damages, see 56 Ark. 612.

*J. B. Baker,* for appellee.

1. Land outside of the right of way was taken and appropriated to the use of the appellant in the construction of its roadway; hence the company, and not the contractor, was liable for the damage. Elliott on Railroads, § 1063. It is liable for the consequent destruction of the fence. *Ib.* And for making roads on the land. *Ib.*

2. The agreement to fix the fence in time to protect the crop was contemporaneous with, and a part of the consideration for, the making of the deed, and parol evidence was admissible to prove it. 55 Ark. 112; 27 Ark. 510; 128 Pa. 337; 138 Pa. 230; 156 Mass. 108.

McCULLOCH, J. This is an action brought by W. R. Gillihan, the owner of certain lands in Izard County, to recover damages alleged to have been done to the lands by defendant railway company in constructing its road. He alleged that he conveyed to the defendant a right of way one hundred feet wide through said lands, but that afterwards defendant entered upon and took an additional strip 7½ feet wide through said land; that defend-

ant's agents and employees took and destroyed one thousand cedar rails of the value of $100; that said agents and employees, without plaintiff's consent, made roads through plaintiff's lands, and thereby damaged it in the sum of $100; and that said agents and employees unlawfully and without authority threw down and destroyed plaintiff's fences, exposing the crops on said land to depredation of stock, which destroyed same, to his damage in the sum of $500. Judgment was asked in the total sum of $800.

The answer denied that any of the acts complained of were committed by the agents or employees of defendant, and alleged that the railroad was constructed by an independent contractor under a written contract with defendant, and that defendant was not responsible for the acts of said contractor.

The jury returned a verdict in favor of the plaintiff, assessing the damages upon each separate item as follows:

For taking land outside of right of way....$ 25.00
For destroying rails..................... 50.00
For making roads on land.............. 10.00
For destruction of crops................ 75.00

Total ............................... $160.00

The undisputed testimony shows that the railroad was constructed by an independent contractor under a written contract, and that the railway company exercised no control over the work except the general right of supervision and inspection, so as to ascertain whether or not the work came up to the requirements of the contract. The testimony tended only to show that the acts complained of were committed by the contractors or their agents and servants. A railroad company is not responsible for the wrongful or negligent acts of an independent contractor in the construction of its work. *Railway Company* v. *Yonley,* 53 Ark. 503; *Railway Co.* v. *Knott,* 54 Ark. 424; *Martin* v. *Railway Co.,* 55 Ark. 510.

"An independent contractor may be defined as one who, in the course of an independent occupation, prosecutes and directs the work himself, using his own methods to accomplish it, and representing the will of the company only as to the result of his work. Generally, where an independent contractor is employed to perform a work lawful in itself and not intrinsically dangerous, the company, if it is not negligent in selecting the contractor,

is not liable for the wrongful acts or negligence of such contractor; and in order that the company shall be liable in such a case it must appear that it either exercised or reserved the right to exercise control over the work, or had the power to choose, direct and discharge the employees of the contractor. In general, it may be said that the liability of the company depends upon whether or not it has retained control and direction of the work. But neither the reservation of the power to terminate the contract when in the discretion of the engineer the work is not progressing satisfactorily, the right to exercise general supervision and inspect the work as it progresses, nor the right to enforce forfeitures, will change the relation so as to render the company liable." 3 Elliott on Railroads, § 1063, p. 1586.

The same learned author says: "For trespasses by contractors, or subcontractors, which were not the natural result of the work, or were not authorized or directed by the company, no liability attaches to the company." Vol. 3, p. 1591.

The same principle is announced by Judge Mansfield in *Railway Co.* v. *Knott, supra.*

Now, applying these settled principles to the facts of this case, it is easily discovered that the liability of the railway company for the acts of the contractor or their servants is not established.

The alleged act in destroying cedar rails was plainly an unauthorized act, and not essential to the performance of the contract. The making of roads also falls within the same category.

The testimony of the plaintiff covering this item was as follows:

"Q. Now, I will ask you to state, Mr. Gillihan, for what purpose they made these roads?

"A. Well, as to their purpose, I guess they did it just probably to save going around. There was a good road to their works they could have used just by going a little further around. They either did it for that, or else just to show what they could do."

The item of damage for destruction of crops is within the same class. If the fences were on the right of way, it was necessary to throw them down, and either the railroad com-

·pany or the contractor had the right to do so without subjecting themselves to liability for damages; if they were off the right of way, the act of the contractor in throwing them down was unauthorized, and the railroad company is not liable.

The plaintiff undertook to show that the railway company agreed, by verbal contract at the time he conveyed the right of way, to replace the fences in time to protect the crops; and the court instructed the jury that the company would be liable for damage to crops resulting from its failure to rebuild the fences. The defendant objected to the introduction of the evidence, as well as to the instruction of the court, and saved its exceptions. This evidence tended, if sufficient for any purpose, to establish a contract and violation thereof; and the instruction permitted a recovery thereon. The complaint does not allege a contract, but · a tort. The allegation concerning this item of damage is that "said defendant by its agents and employees unlawfully and without authority threw down and destroyed his fences, thereby exposing his entire crop to the stock," etc.

It was error to admit this testimony and to give the instruction. *White River Ry. Co. v. Hamilton,* 76 Ark. 333.

As to the remaining item of damage for taking land outside of right of way, it is shown that this was necessary in order to "borrow" sufficient dirt to construct the high "dump" or roadbed, and that the deed executed by plaintiff to the company conveying the right of way provided that the company could take additional dirt outside of the right of way. The deed was not introduced in evidence, but a witness for the railway company was permitted, without objection, to testify as to its contents, and the same stands undisputed in the record.

On account of the insufficiency of the evidence and the errors already indicated, the judgment must be reversed, and the cause remanded for a new trial, and it is unnecessary to discuss the instructions given and refused, or to determine whether any other errors were committed in that respect.

Reversed and remanded.

RIDDICK, J., not participating.