CASTSTEEL *v.* ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY.

Opinion delivered January 21, 1907.

1. RAILROAD—LIABILITY FOR DAMAGES IN OPENING RIGHT OF WAY.—A railroad company is not liable to a lessee of land for injuries to his crop

by opening its right of way if it acquired its right of way prior to the execution of his lease. (Page 367.)

2. SAME—DUTY TO FENCE TRACK.—A railroad company is under no obligation to fence its track where it enters a farm, unless it contracts to do so. (Page 367.)

Appeal from Baxter Circuit Court; *J. W. Meeks*, Judge; affirmed.

*W. S. Chastain, Baldy Vinson* and *June P. Wooten*, for appellant.

1. The building of a depot on the land before the execution of a deed.was a condition precedent; and no title passed to appellee nor right to a deed, upon which rested the license lawfully to enter upon the land for the purposes of track laying, etc., until this condition was performed. The depot was built in the latter part of the summer of 1903, and the deed is dated September 28, 1903. Appellant's lease had long previously been made.

2. Appellee's deed was in existence, and had been duly recorded. It was error in the court to permit the witness Riley to testify to having heard two of the four owners of a half interest in the land make a verbal contract with the agent of appellee for a right of way through the land. It was introduced for the purpose of proving title. 2 Greenleaf on Ev. (15 Ed.), 82.

*B. S. Johnson* and *Horton & South*, for appellees.

It is conclusively shown that as to the year 1903 appellant was the tenant of Riley, and not of the joint owners. The condition of the title of the whole tract, or the relation Lock bore to his landlord, can not enter into the consideration of this case. Having become the tenant of Riley, appellant can not question his title. 31 Ark. 470; 53 Ark. 532. It is also shown by the evidence that appellant rented the land for 1903 in the latter part of 1902, after appellee, by the consent and under the direction of Riley, had made its grade through the land and removed the fences from the same. He therefore took with knowledge that the appellee would prosecute its work, and is presumed to have known that it would be necessary to erect fences between the line of railroad and his crops in order to protect them.

Since appellee in building the road through the land was acting under the directions of Riley, appellant's landlord, it was as much the owner of its right of way as if it had procured a deed or condemned a right of way by judicial proceedings. Elliott on Railroads, §§ 418, 937, 949; Randolph on Em. Dom. §§ 209, 210, 212. Appellant's own negliience caused the injury complained of. Mills on Em. Dom. § 47; Lewis on Em. Dom. § 306; Randolph on Em. Dom. §§ 145-6, 152; 23 N. Y. 42; 135 N. Y. 393; 139 Mass. 389; 113 Pa. 26; 38 N. J. L. 339; 51 N. Y. 476; 50 N. J. L. 285; 136 Mass. 239; 27 Fed. 770; 7 Am. & Eng. Enc. of L. (2 Ed.), 371 n. 4; 54 Ark. 424; 78 Ark. 366.

A deed from the landowner is not necessary. Consent is all that is necessary to authorize a railroad to enter upon land and take possession of its right of way. Kirby's Digest, § 6574, subdiv. 3. Having this consent, appellee's acts were lawful, and no one can complain of the results of the lawful acts of another. 50 N. J. L. 235; 39 Minn. 168; 136 Mass. 239. Although there may have been error in the instructions, still, if the verdict was right on the whole case, the judgment should be affirmed. 64 Ark. 238; 64 Ark. 228; 64 Ark. 619.

Battle, J. W. L. Caststeel brought this action against the St. Louis, Iron Mountain and Southern Railway Company to recover damages caused by alleged trespasses. He states his case substantially as follows: During the year 1903 he was in possession of a part of a certain farm on White River, known as the "Mississippi Bend Farm," in Baxter County, Arkansas. He held and cultivated the upper end of it under a lease. During the year 1903 he had a crop upon it, consisting of eight acres of cotton and twenty acres of corn, being in the months of June, July and August and the first of September of the year 1903 an average crop of the value of $410. The defendant, about the first of June, 1903, entered upon his premises, tearing down the fences or a portion of the same which enclosed the farm and trespassed thereon, damaging the plaintiff in the sum of $330, for which he asks judgment. The defendant answered, and denied these allegations.

The defendant recovered judgment, and plaintiff appealed.

The facts in the case are as follows: The defendant laid out and graded its railroad track over and through the farm culti-

vated by the plaintiff with the consent and under the direction of H. H. Riley, the duly authorized agent and representative of the owners of one undivided half thereof. It entered the farm in the "first part" of the year 1902 and graded through the same in that year. In the latter part of 1902 the plaintiff rented of Riley the interest of the owners represented by him for the year 1903. J. B. Lock rented the other half interest in the farm for the same year; and plaintiff and Lock divided the farm between themselves, plaintiff taking the "upper end" and Lock the lower. About the first of March, 1903, the defendant finished the grading of its roadbed through the farm, plaintiff built a fence across the defendant's right of way at the upper and lower ends of the farm. About the latter part of May or first of June, 1903, the employees of the defendant "came along, laying ties and rails, making the track on the roadbed, and tore the fences out. They left them down. Stock got in and damaged his crop." He drove the stock out and rebuilt the fence, but every time he rebuilt his fences they would tear them out and run its engine through; and stock continued to get in his field and injure his crops until they destroyed his corn crop and one-half of his cotton, damaging him in the sum of $332.

The damages sued for were caused by injuries to crops in 1903. Apellee acquired a right of way for its railroad over the farm cultivated by the appellant before he leased it for 1903. Its title to such right of way for and during the year 1903 and subsequent years was prior to his lease for 1903, and consequently was superior; and it (appellee) was entitled to an open right of way, and was under no obligation to fence it, unless it had contracted to do so. *St. Louis, Iron Mountain & Southern Railway Company* v. *Walbrink,* 47 Ark. 330; *Railway Company* v. *Knott,* 54 Ark. 424; *White River Ry. Co.* v. *Hamilton,* 76 Ark. 333. The fact that he and Lock, who leased the other half of the farm, had divided the farm, gave him no greater right to the half set apart to him. He held such half by virtue of the lease by the owners represented by Riley. It was set apart to him as the part he should cultivate under such lease. Mr. Lock's lessor was not a party to such division. Each held the part set apart to him under his lessor, and no other person.

Defendant was not liable to appellant for damages.

Judgment affirmed.