Rice *v.* Sheppard.

4-6945                           168 S. W. 2d 198

Opinion delivered February 1, 1943.

194

· *L. B. Smead,* for appellant.

*Partain & Agee* and *Carter & Taylor,* for appellee.

Robins, J. The appellant, T. B. Rice, doing business as the T. B. Rice Lumber Company of Camden, Arkansas, has appealed from a judgment rendered against him in favor of the appellees, Hervey Sheppard, a minor, and J. A. Sheppard, his father, for damages on account of injuries sustained by the appellee, Hervey Sheppard, resulting from a collision on June 12, 1941, of a truck operated by A. T. Smith on highway No. 64 between Dyer and Mulberry, Arkansas, and an automobile driven by the appellee, Hervey Sheppard. Smith, the driver of the truck, jointly sued with the appellant, filed an answer, but did not testify or appear at the trial and has not appealed from the judgment against him.

The sole question to be determined by this court is whether or not there was any substantial evidence to sustain a finding that the driver of the truck which caused appellee's injury was the servant of the appellant. The contention of the appellant is that, in the operation of the truck at the time of the collision, Smith was an independent contractor; and the contention of the appellees is that, on this occasion, Smith was the servant of the appellant. It is a well settled rule in this state that where an independent contractor is employed to perform a work lawful in itself and not intrinsically dangerous, the employer, if not negligent in selecting the contractor, is not ordinarily liable for the wrongful acts or negligence of such contractor. *St. Louis, I. M. & S. Ry. Co.* v. *Gillihan,* 77 Ark. 551, 92 S. W. 793.

There was no testimony as to the relationship of appellant and Smith except that of the appellant himself.

He testified that, at the time the collision occurred, he was a broker at Camden, Arkansas, buying and selling lumber, but not operating a sawmill; that he sold some lumber to the Robinson Lumber Company of Rogers, Arkansas, and engaged A. T. Smith to haul this lumber from the plant of the Partee Lumber Company, from whom he had purchased it, at Magnolia, Arkansas, and to deliver it at Rogers; that he had hired Smith to do other hauling for him, and that he had other parties hauling for him at the same time; that he had no employees except a stenographer and bookkeeper, and that when he sold lumber he hired a truck to haul the lumber at so much per thousand; that he agreed to pay Smith $4 per thousand for hauling this lumber and gave him a letter to the purchaser authorizing him to pay the driver of the truck freight on the basis of $4 per thousand and to deduct this amount when remittance should be made to appellant for the invoice; that he did not own any truck and when he got an order for lumber he would hire whatever trucker he could get; that he had no interest in the truck that Smith used, and had no employee driving it; that he did not direct Smith as to the means by which he should haul the lumber and had no control over the route over which he traveled; that he did not think Smith was operating under a schedule, and that Smith had only one or two trucks; that Smith told him he had a state permit to operate his truck and had liability insurance, but that, after the accident, appellant discovered that Smith did not have liability insurance and did not have a permit as a public carrier; that, before he employed Smith to haul for him, Smith was recommended by another lumber dealer as being reliable and trustworthy.

In the case of *Moaten* v. *Columbia Cotton Oil Company,* 193 Ark. 97, 97 S. W. 2d 629, the question involved was whether or not one Carson was a servant of the Columbia Cotton Oil Company at the time he ran his truck against the car in which Moaten was riding. The evidence disclosed that Carson owned a truck and was employed by the Columbia Cotton Oil Company to haul a load of cottonseed meal from Magnolia to Little Rock,

where he obtained a load of acid phosphate to transport back to the Columbia Cotton Oil Company at Magnolia, and that he was paid by the ton for making the trip, and did other hauling for the Columbia Cotton Oil Company on the same basis. In that case it was held that Carson was not a servant of the Columbia Cotton Oil Company, but was an independent contractor, for whose tort the company was not liable, the court, through Mr. Justice HUMPHREYS, saying: "This court held, in the case of *Moore Lumber Co.* v. *Starrett,* 170 Ark. 92, 279 S. W. 4, that the vital test in determining whether a person employed to do certain work is an independent contractor or a mere servant is the control over the work which is reserved by the employer. Stated as a general proposition, if the contractor is under the control of the employer, he is a servant; if not under such control, he is an independent contractor. An independent contractor is one who, exercising an independent employment, contracts to do a certain piece of work according to his own methods, and without being subject to the control of his employer, except as to the result of the work. Applying this rule to the testimony in the instant case, it is at once apparent that Carson was an independent contractor and not a servant of appellee. The contract between Carson and appellee was to the effect that Carson should haul, in his own truck, a load of meal to Little Rock and deliver it to a certain firm and bring a load of acid phosphate back, for which appellee agreed to pay him so much a ton. Appellee reserved no control over Carson, but he was left to perform the services according to his own methods. Appellee did not designate the route he should take, the time in which he should make the haul, or the stops he might make. The result of the work was the only thing in which appellee was interested or concerned." In the case of *Moore and Chicago Mill & Lumber Company* v. *Phillips,* 197 Ark. 131, 120 S. W. 2d 722, it appeared from the testimony that Moore was engaged in the timber business principally as a logging contractor, and had made a contract with the company, by which he was to cut timber and haul it for the company, and while being driven by one of his employees in one of his trucks

on a mission connected with his employment the collision in which Phillips was injured occurred; and Phillips sought to recover damages from the Chicago Mill & Lumber Company on the theory that Moore was a servant of the company. This court, holding that Moore was an independent contractor, said: "By a long line of decisions this court is committed to the universal rule that, where the contractor is to produce a certain result, according to specific and definite contractual directions, agreed upon and made a part of the contract, and the duty of the contractor is to produce the net result by means and methods of his own choice, and the owner is not concerned with the physical conduct of either the contractor or his employees, then the contract does not create the relation of master and servant. This court has consistently accepted and stated the settled rule that even though control and direction be retained by the owner, the relation of master and servant is not thereby created unless such control and direction relate to the physical conduct of the contractor in the performance of the work with respect to the details thereof. *St. Louis, I. M. & S. Ry. Co.* v. *Gillihan,* 77 Ark. 551, 92 S. W. 793; *Moore Lumber Co.* v. *Starrett,* 170 Ark. 92, 279 S. W. 4."

When the rule laid down in the cases cited above is applied to the undisputed facts in the case at bar it must be held that Smith was an independent contractor and not the servant of Rice. There was no proof whatever offered to show that appellant was guilty of any negligence in selecting Smith as a hauler, and, since it affirmatively appeared from the evidence that Smith was an independent contractor, and not a servant of the appellant, the court erred in submitting the liability of the appellant to the jury. The facts in the case of *Wright* v. *McDaniel,* 203 Ark. 992, 159 S. W. 2d 737, cited by counsel for appellant as supporting their contention, are clearly distinguishable from the undisputed evidence in this case. In that case a judgment was recovered by McDaniel for injuries sustained by him by reason of the negligent operation of a cut-off saw which was run in connection with a sawmill operated by the Wright-Braughton Lumber Company, a partnership, which denied liability on

the ground that McDaniel was in reality employed by Evans, an independent contractor who, it was alleged, was operating the cut-off saw as a separate enterprise. But, as was pointed out by the court in its opinion in that case, the proof showed that the cut-off saw, located at the mill of the company, was driven by the same motive power that drove the machinery of the sawmill, and that immediately after the accident in which McDaniel was injured one of the partners stated that McDaniel was working for the company when he was hurt.

For the reasons stated above, the lower court erred in not granting appellant's request for a peremptory instruction in his favor. The opinion of the majority of the court (in which the writer does not concur) is that the case has been fully developed, and that this cause should be dismissed. The judgment of the lower court is accordingly reversed, and the cause is dismissed.