NATIONAL FRUIT PRODUCTS Co. v. GARRETT.

Opinion delivered January 3, 1916.

1. APPEAL AND ERROR—VERDICT—CONCLUSIVENESS.—The verdict of a jury will not be disturbed on appeal, where there is any substantial evidence to support it.

2. SALES—IDENTITY OF PURCHASER—QUESTION FOR JURY.—The question whether goods sold were purchased by E. individually, or as manager for a certain company, is for the jury, and their finding will be conclusive.

3. SALES—ACTION ON CONTRACT—PROPER PARTIES.—Appellant sold goods, and brought an action against A., B. and C. as members of the firm purchasing the same. A. had given appellant notes for the purchase price. Held, in the action brought, it was proper for the trial court to limit the jury to the consideration of the single question raised by the evidence, namely, as to whether A., B. and C., as members of the firm, or A., individually, were liable on the contract of sale, and in directing that there could be no verdict on A's notes in this action.

4. APPEAL AND ERROR—IMPROPER INSTRUCTIONS—HARMLESS ERROR.—The error of the trial court in instructing the jury on an issue not raised by the evidence, is harmless where both sides requested an instruction on that issue.

5. APPEAL AND ERROR—INCOMPETENT EVIDENCE—HARMLESS ERROR.—The erroneous admission of a letter in evidence is harmless, where the contents of the letter was in the appellant's favor.

6. SALES—IDENTITY OF PURCHASER—LIABILITY.—Appellant sold goods to A., B. and C., and brought an action against them for the purchase price; it appeared that A. had given his individual notes in payment therefor; held, when the notes were not introduced in evidence, and were not produced or offered to be surrendered and cancelled upon payment, that there could, in that action, be no recovery against A., individually, on the notes.

Appeal from Yell Circuit Court, Dardanelle District; *A. B. Priddy,* Special Judge; affirmed.

STATEMENT BY THE COURT.

The appellant, a corporation, was engaged in the manufacture and sale of cider in Tennessee. The Ola Bottling & Manufacturing Company was a partnership composed of Roy Garrett, E. E. Garrett and Harlow Garrett. This firm was engaged in the business of manufacturing and selling cold drinks at Ola, Arkansas.

The appellant instituted this suit in the justice court against E. E. Garrett and other members of the firm, on an account for $102.71, the value of five shipments of cider alleged to have been purchased by the Ola Bottling & Manufacturing Co., which will hereafter be designated as the Ola Company

The testimony on behalf of the appellant tended to show that it received an inquiry on the 21st of October, 1913, signed by the Ola Company, making inquiries as to the best prices on cider and vinegar. Appellant replied to this inquiry, quoting prices. On November 1, 1913, appellant received from its traveling salesman, one Wilson, an order dated October 28, 1913, directing appellant to ship to the Ola Company cider. This order was signed by E. E. Garrett and contained a written stipulation to the effect that no agreement would be binding except as written in the order. On the same date appellant received a letter signed by E. E. Garrett, written on the letter head of the Ola Company, showing the business of the company, and showing that E. E. Garrett was the

manager of the company. This letter directed the appellant to hold the order of October 28, 1913, until notified to ship, and also contained a further order for cider. Another letter was introduced, signed by the Ola Company, by E. E. Garrett, directing appellant to ship cider, and making certain complaint. There were in all seven letters written on the letter heads of the Ola Company. The shipments were all made to the Ola Company. And it was shown on behalf of appellant that nothing had been paid on the account.

Wilson testified that he was traveling salesman for appellant and took the order of October 28, 1913; that E. E. Garrett told him that Ed. W. Garrett was the proprietor of the Ola Company and that he (E. E. Garrett) was the manager. His testimony tended to show that E. E. Garrett bought the goods for the Ola Company at the request of Ed. W. Garrett, of Clarksville, who stated to the witness that he owned the business and that E. E. Garrett was managing it for him.

The testimony on behalf of the appellees tended to prove that the Ola Company never sold or handled cider; that the firm did not operate through the winter months, but closed its business the last of September or first of October, and that the firm closed October 1, 1913, until April 1, 1914; that the order that E. E. Garrett gave appellant's salesman, Wilson, for cider was for his own account and that he so informed Wilson at the time; that he did nothing to lead Wilson to believe that the purchase was for the firm; that when appellant wrote him concerning the purchases on the account sued on he informed appellant that he individually was the purchaser, and not the Ola Company; that he was unable to pay the bill, but offered to execute five notes for the amount due. He exhibited a letter, which was introduced without objection, and testified that same was in answer to his proposition in regard to the notes. This letter was a proposition to appellee to the effect that if he was not in a position to make a settlement in full to send appellant a check to apply on the account and note payable May 1 for

the balance. Then he states that he received another letter from appellant accepting his proposition in regard to the notes; that he had accordingly executed the notes and sent them to appellant and received a letter from appellant in reply to this letter which he had lost. He said that this last letter of appellant acknowledged receiving the notes, and stated that appellant accepted them in full payment of the account; that witness owed the notes and could pay them as they fell due.

Witness acknowledged, on cross-examination, that he had signed the various letters purporting to be written by him and stated as to one of them that he was in the habit of signing the Ola Company's name, and that he had no right to do so in making orders at the time the cider was purchased. He acknowledged that the goods were shipped to the Ola Company, and that he did not inform the appellant company that he was buying the goods in writing the letters that he wrote until after he had received the goods. He stated that he occupied, while carrying on his individual business, the same premises that were occupied by the Ola Company. Stated that he did not sell goods in the name of the Ola Company nor collect for them and sign receipts in their name. A receipt was in evidence, acknowledging payment for merchandise, signed by the Ola Company and E. E. Garrett, dated January 1, 1913.

The testimony of Harlow Garrett and Roy Garrett, other members of the firm, tended to corroborate the testimony of E. E. Garrett to the effect that during the winter months the business of the Ola Company closed down and that E. E. Garrett transacted a business for himself through the winter season, from October 1 to April 1, and that during that time he was not authorized to buy cider for the Ola Company.

Edward W. Garrett testified, denying that he was interested in the Ola Company, and denying that he had told appellant's salesman Wilson to go to Ola that he might sell cider to the firm there. This witness produced a copy of a letter purporting to have been written by

appellant to its attorney at Ola concerning the collection of the account in controversy and giving a history of the transaction, and concluding by directing its attorney to bring suit unless the account was paid which letter appellees introduced over the objection of appellant and to which exceptions were saved.

The court instructed the jury, in effect, that if E. E. Garrett bought the goods for the price for which the suit was brought, from the appellant through its traveling salesman, and that Garrett informed the appellant's agent at the time that he was buying the goods for himself individually, that they should return their verdict for the appellees, but that if they found from the evidence that E. E. Garrett was holding himself out as manager of the Ola Company and that the company permitted him to do so, and that he purchased the goods as such manager, then the company would be liable, even though the evidence should show that E. E. Garrett had no authority to bind the Ola Company.

The court further instructed the jury that if they found from the evidence that the appellant received and accepted in payment of the account in suit the five notes of E. E. Garrett, that the Ola Company would not be liable.

And the court further told the jury that the five notes referred to in the evidence were not being sued on, and therefore they could not render a verdict on them.

The appellant asked certain instructions reciting certain facts which it contends the undisputed evidence tended to show and praying the court to tell the jury, upon these facts, to return a verdict in favor of the appellant, and appellant excepted to the ruling of the court refusing these. Among other prayers for instructions was one to the effect that the burden was upon the appellee to show that the plaintiff accepted the notes of E. E. Garrett in full settlement on the debt in suit, and that if they found that appellant credited the Ola Company with the notes of E. E. Garrett and that the notes had not been paid, then the jury should find that there was no payment

to the appellant on the account sued on.   Appellant excepted to the ruling of the court refusing this prayer.

The appellant also complains because the court refused its prayer for instruction No. 6, which, in effect, told the jury that if they found from the evidence that the members of the firm of the Ola Company permitted E. E. Garrett to use and operate the plant of that company and that E. E. Garrett held himself out as the manager of that company, using their letter heads with his name printed thereon as manager of the firm, that they should find for the appellant, unless appellees had previously advertised in some newspaper published in Yell county the terms under which E. E. Garrett was operating the company's plant.

The jury returned a verdict in favor of the appellees, and from a judgment rendered in their favor this appeal has been duly prosecuted.

*T. F. Kelley* and *R. F. Sandlin*, for appellant.

The taking of a note, bill or check of a debtor, or one of several joint debtors, or of a stranger, for an antecedent indebtedness, is no payment unless it is agreed to be such.   It is only conditional payment, depending on the payment of the paper.   If that is dishonored, the original debt revives.   48 Ark. 267; 3 S. W. 181; 97 C. C. A. 465; 173 Fed. 855; 35 L. R. A. (N. S.) 1, and note, pages 1, 56 and 61.

*G. O. Patterson*, for appellees.

Every question raised may be grouped into two general classifications.   (1)   The liability of the Ola company and (2) the right of plaintiff to a recovery against E. E. Garrett.   The first is a question of fact for a jury; it was submitted to the jury under appropriate instructions and the finding of the jury is conclusive.   The second proposition is well settled.   51 Pa. St. 864; 93 Ark. 62.   No offer to return the notes was made or showing made that they were lost.

WOOD, J., (after stating the facts).   The appellant sued the appellees as members of the firm of the Ola Com-

pany on account. The appellees defended on the ground that they were not liable as members of the firm of the Ola Company, but that the debt was the individual liability of E. E. Garrett, and that if the debt was the debt of E. E. Garrett, he had executed to appellant his individual notes, and that appellant had accepted same in settlement of the claim.

(1-2) The issue as to whether or not the account sued on was for goods purchased by appellee E. E. Garrett for his individual use and benefit, or whether it was a purchase by the Ola Company through E. E. Garrett as its manager, and therefore a liability of the company, was purely a question of fact for the jury under the evidence. Although we may differ with the jury as to the result of their verdict on this issue of fact, the rule here is not to disturb the verdict where there is some substantial evidence to support it. Under this rule there was ample evidence to sustain the verdict, and the issue was submitted under instructions free from prejudicial error.

The court did not err in refusing appellant's prayers for instructions on this issue. It had sufficiently covered the issue made by the evidence in granting appellees' prayers for instructions. It was not necessary, after these prayers were granted, to go over the same ground by granting appellant's prayers concerning this issue.

The court properly refused appellant's prayers in which facts were recited and a peremptory instruction was asked in favor of appellant, for the reason, as we have stated, that when the evidence is viewed in its strongest light for the appellees it made an issue of fact for the jury.

(3) The court did not err in granting appellees' prayer to the effect that there could not be a verdict on the notes, for the reason that the notes were not sued on, and in refusing to grant appellant's prayer asking for a peremptory instruction against the appellee, E. E. Garrett. The court in thus holding correctly confined the jury to the only issue raised by the evidence, that is, as to whether the account sued on was a liability against the

appellees as members of the firm of the Ola Company or the individual liability of appellee, E. E. Garrett.

(4) The court should not have instructed the jury at all on the question as to whether or not the account in suit had been paid by an agreement between appellant and appellee E. E. Garrett to the effect that the latter should execute his notes to the appellant, and that the appellant should accept the same in satisfaction of the account sued on. This was not the issue. The appellant was contending, and the only evidence it adduced tended to prove, that the account was that of the company. The appellees on the other hand, were contending that the account was the individual account of appellee E. E. Garrett. The testimony in regard to the execution of the notes had reference solely to the issue as to whether or not the debt was an individual liability or a liability of the company. But the error of the court in instructing the jury in regard to the purported payment of the account was not prejudicial error against appellant, because both appellant and appellees joined in the request for instructions as if the issue of payment of the account by an agreement to execute these notes was presented by the evidence. If such an issue had been presented, the instructions on the issue were not erroneous, for, if the evidence presented such an issue, it was sufficient to warrant a finding by the jury that the notes were executed under an agreement between the appellant and the appellee, E. E. Garrett, to the effect that he should execute the notes, and that appellant would accept the same in payment of the debt sued on.

(5) While the court erred in permitting a copy of the purported letter from appellant to its attorney, the error could not have been prejudicial to appellant for the reason that the contents of the letter were all favorable to appellant. The letter stated appellant's contention and set forth the history of the transaction entirely from appellant's viewpoint.

(6) The court correctly held that, under the evidence in this case, there could be no recovery against E. E. Garrett individually on the notes, for the notes were

not introduced in evidence, and were not produced or offered to be surrendered and cancelled upon payment. See *American Ins. Co.* v. *McGehee Liquor Co.,* 93 Ark. 62.

There is no reversible error in the record, and the judgment must therefore be affirmed.