### JOHNSON *v.* STATE.

Opinion delivered October 30, 1922.

CRIMINAL LAW—HARMLESS ERROR.—Evidence tending to show that a State's witness whose testimony was relied upon for conviction was prejudiced against accused, admitted as bearing upon the weight to be given such witness' testimony, was favorable to defendant and is not ground for reversal on defendant's appeal.

Appeal from Garland Circuit Court; Scott Wood, Judge, affirmed.

*Randolph & Cobb,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *Wm. T. Hammock,* Assistants, for appellee.

WOOD, J. The appellant was convicted of the crime of keeping a gambling-house under section 2632, Crawford & Moses' Digest. A judgment was entered sentencing him to two years' imprisonment in the State Penitentiary, from which he appeals.

Jeff Jones, a witness on behalf of the State, testified to facts which fully justified the jury in returning a verdict of guilty. The appellant does not contend that the evidence is not sufficient to sustain the verdict, but complains because the witness, Jones, was permitted, over the objection of appellant, to testify that one time the appellant cursed him and threatened his life because he (Jones) requested that the appellant return a dollar to him which Jones claimed he had given to appellant for the purpose of inducing the appellant to sign an appearance bond for Jones. The specific testimony of Jones to which the appellant objected was as follows: "I went to Dave and I asked Dave to give me my dollar and Dave said, 'I ain't going to give you a damn thing— I will blow your G— damn brains out if you don't get out of here.' I said, 'Well, that is all you can do is to blow my brains out.' He said, 'G— damn you, if I thought you had a pocket-knife I would blow you down right here,' and my wife and another girl was together with me."

The court permitted this evidence on the ground that it tended to show the interest and feeling of the witness and might be considered by the jury in weighing the witness' testimony. It was certainly not prejudicial to appellant to permit testimony tending to prove that the witness, upon whose testimony the State relied for conviction, was strongly prejudiced against the appellant.

Such testimony was favorable to the appellant, and he is in no attitude to complain of the ruling of the court. *Fort* v. *State,* 52 Ark. 180; *National Produce Co.* v. *Garrett,* 121 Ark. 570.

Since the ruling of the court was not prejudicial to appellant, the judgment is correct and it is affirmed.