By the Court.
 

 The Court of Appeals found that the only reversible error arises out of the portion of the general charge respecting the issue of contributory negligence of plaintiff. It thereby found that there had been no prejudicial error respecting the issue of the defendant’s negligence and that that issue had been submitted to the jury entirely free from prejudicial error. The record discloses no substantial error in the submission of this case which could possibly have been prejudicial to the plaintiff. Recognition of and adherence to the “two issue rule” required an affirmance of the judgment. Surely it is unnecessary to further discuss that rule or to cite any of the numerous cases announcing and applying it. If that rule has no application in this case, then there is no case in which it could be applied. The verdict was a general one and was for the defendant, and it was not disclosed by answers to interrogatories or otherwise upon which issue the finding was based. The jury may have reached its conclusion upon the ground that the defendant was not negligent or upon the ground that, under the instructions given, the defendant was relieved from liability because of the contributory negligence of the plaintiff. Notwithstanding the consistent adherence by this court to the “two issue rule” and its frequent application in reported cases, the Court of Appeals apparently bases its conclusion that it cannot be applied in this case upon some dicta in the opinion in the case of
 
 Cleveland Ry. Co.
 
 v.
 
 Masterson,
 
 126 Ohio
 
 *487
 
 St., 42, 183 N. E., 873, 92 A. L. R., 15. It obviously could not apply in that case, for there the verdict was for the plaintiff and the error complained of was the claimed erroneous instruction relative to the degree of care required by the defendant’s motorman. The plaintiff, of course, is not entitled to recover without establishing defendant’s negligence, and it was in the presentation of that issue and its submission to the jury that the question of prejudicial error was involved.
 

 It was held by the Court of Appeals in the instant case that the two issue rule could not be applied because of the language of the printed form of verdict furnished the jury, which was as follows: “We, the jury empaneled in the above entitled action the undersigned members concurring therein for verdict find and say that we find for the................” In one of these forms the clerk inserted the word “defendant”, and in the other “plaintiff”, followed by “and assess his damages at $............” There is no support in reason for the conclusion that because the form submitted did not have therein, following the word “find”, the phrase “on the issues joined”, the finding of the jury was not in fact “on the issues joined”. As a matter of course, the jury in this case, and in every case, is instructed to find on the issues joined. The trial court is required to define the issues joined and to instruct the jury to return its finding “on the issues joined”. That is precisely what this jury was instructed to do. If that is not what the jury did in this case, it did nothing. Its action was a nullity. The “two issue rule” should not have been disregarded by the Court of Appeals in this case. Applying it, the defendant was entitled to an affirmance of its judgment. It follows that the judgment of the Court of Appeals
 
 *488
 
 is reversed and that of the Common Pleas Court affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Day and Zimmerman, JJ., concur.
 

 Williams, J., not participating.