CODDINGTON *v.* BERRY DRY GOODS COMPANY.

4-5755                                    137 S. W. 2d 249

Opinion delivered February 26, 1940.

*Howell & Howell,* for appellant.
*Knott & Harris,* for appellee.

MEHAFFY, J. This action was instituted in the Crawford circuit court by appellant against the appellees, seeking to recover damages for personal injury. Appellant was a plasterer, doing plaster work on different parts of the building, for which he was paid by the Berry Dry Goods Company. He had been plastering the elevator shaft and had finished all except the bottom; he pulled the elevator up to the fourth floor and entered the shaft for the purpose of finishing the work in the bottom of the pit, and while waiting for some trash to be removed, Frank Carlton, another employee of the appellee, swept or pushed trash containing a wooden block into the elevator shaft at the second floor, which struck and seriously injured appellant. Up to that time he had not signed a contract, but on Saturday after being injured on Wednesday, he was requested to go to the office of the appellee and sign a contract that J. H. Reddick had prepared on his old stationery in which Reddick was designated as contractor. Appellant objected to signing it and asked the purpose for which it was being signed, and stated that the job was about finished. He was then told by Mr. Reddick that the Berry Dry Goods Company wanted it signed, and in order to get the money to pay his men appellant signed it. This was on May 15.

All of the appellees except Frank Carlton filed a motion to dismiss for want of jurisdiction. Said motions were overruled.

The appellee, Berry Dry Goods Company, filed answer specifically denying each and every material allegation in the complaint, and stating that if appellant received injuries or sustained damages as alleged in his complaint, the injuries and damages were caused and pro-

duced by the carelessness and negligence of appellant in that appellant failed to exercise ordinary care for his own safety, and pleaded contributory negligence and assumption of risk, and also pleaded that Reddick was an independent contractor and that Frank Carlton was in the employ of Reddick.

Appellant testified that he lived in Ft. Smith; that the elevator shaft was a passenger elevator and he had been working on the shaft two days when he got hurt; did not sign any contract until after he was injured, and after the injury the Berry Dry Goods Company sent for him to come to its office and sign a contract before his help could get their money. The contract designated Reddick as the contractor. It was not dark in the shaft, he could see all right, and he received no warning that it was dangerous and he worked there two days before; that he had stepped down into the shaft and was waiting when he was injured; did not know what hit him; when he came to, he was crawling on his knees; knew nothing else until after he got to the hospital about nine o'clock; it was about eight o'clock when he got hurt; injuries consisted of fractured skull on the left side of his head; they put him on the operating table and took nine stitches in sewing up his scalp; they sent him home and propped him up in the bed because he could not lie down straight; that his head throbbed terribly and he wanted to vomit for about three days, during which time he dozed a little; when he would wake up they would give him more medicine. They came after him on Saturday, while he was still in bed, to sign the contract. He received medical treatment about three months. The pain was in his head, throbbing pain; he could not do a days work; sometimes he would try to walk, but if he walked fast he was affected with pain; prior to the time of his injury he did not lose an hours work if he could get it to do; since the injury he had been unable to work; was 74 years old and able to do a day's work before he was injured; the only illness that he had had prior to that time was that he got billious, but never lost a day's work; that he was a contractor and journeyman; he had

no agreement with Mr. Reddick and asked him what he meant, and Reddick said the Berry Dry Goods Company wanted the contract; appellant told him the work was done, and the contract purports to have been made on April 26, when it was actually made on the 15th; the elevator shaft was two and a half feet deep; that he put his hand on the bottom floor and stepped down; did not need a light to see; at the time he was injured he was standing close to the door of the elevator; that up to the time of the injury appellee had paid him $390, which paid his help; before the contract was signed every man got his money individually, but after that they paid them by checks.

Dr. J. S. Gregg testified as to appellant's injuries.

Frank Carlton testified that he was working for the Berry Dry Goods Company, cleaning up on the second floor; he was sweeping up brick and mortar on the floor; was using a push broom to sweep it all over to the freight elevator and take it down to the loading dock; while engaged in this work he pushed and swept it by the passenger elevator, and some of it fell down the passenger elevator shaft and fell on appellant; there was nothing there to prevent it from going into the elevator shaft, and while he was sweeping by there, there seemed to be something fall and it hit and then he noticed them bringing out old man Coddington; Coddington said something struck him in the elevator shaft. Witness was one of the defendants; not related to the plaintiff in any manner; had no interest in the outcome of the lawsuit; after the accident the superintendent of Berry Dry Goods Company asked him to make a statement with reference to the injury; they came out to his house and asked witness where he was working; he said he was working on the second floor and they tried to get him to say that he was on the first floor and told him he had better change his mind; he told them he would not tell a lie for them or anybody else; they told him they would go to see the two negroes. The Berry Dry Goods Company paid him for work during the entire job and Mr. Berry directed him as to what to do; he was not hired by J. H.

Reddick; admitted that Mr. Knott, defendant's attorney, had talked to him at home and that he told Knott just what he had told in court. He was then asked to repeat it, which he did. It was a very few minutes after he swept the trash down that he saw Mr. Coddington being brought up; the block of wood he swept off was about 4 x 4 and about 14 or 16 inches long; he did not do it intentionally.

Hugh Coddington, a son of appellant, testified that he was a plasterer, and after his father was hurt he went with John Wadman, a painter, and examined the shaft; found the block of wood that was introduced in evidence, at the bottom of the elevator shaft; his father was in bad shape for a long while after he was injured; he had found his father's cap at the bottom of the shaft; there was blood on the block and cap and he gave it to Mr. Reddick and he examined it. Witness then pointed out blood stains on the block of wood.

Roy Cladwell testified that he worked for the Berry Dry Goods Company at the time Coddington was injured; that he was being paid in cash by the office crew of the company.

Earl Schuler testified that he was working for the Berry Dry Goods Company and was being paid by it for his services; paid in cash by the Berry Dry Goods Company; that Mr. A. Y. Berry was supervising the work quite a bit; was hired by the Berry Dry Goods Company; Ray Herron hired him for the Berry Dry Goods Company.

Claude Carter testified that he was working for the Berry Dry Goods Company and was paid in cash by one of Mr. Berry's men.

John Wadman testified that he worked for the Berry Dry Goods Company and was on the job when appellant was injured; went down into the elevator shaft after the accident with appellant's son; identified the block of wood that hit the appellant.

Ray Herron testified for the appellee that J. H. Reddick was the general contractor and that witness

started to work for him about 14 years ago; he was employed as general foreman on the Berry Dry Goods Company building; that Mr. Reddick gave him the job and directed and instructed him; he was on the job when Coddington was injured; that he hired Frank Carlton as a laborer; that Mr. Reddick was his brother-in-law; knew nothing of his financial condition; Reddick told him that he had a contract and hired him to go to work; was getting a dollar an hour and was paid in cash by an employee of the Berry Dry Goods Company; Mr. Reddick never paid him directly; after witness' brother-in-law died he went right along working for the Berry Dry Goods Company; knew nothing about the nature of the contract; Reddick never paid him a dime for his work.

John F. Hale, a carpenter, testified that he was working for Mr. Reddick; saw Coddington when he was injured; that Mr. Reddick paid all the men in money; afterwards testified that prior to the time of the accident they all got their money from Berry Dry Goods office.

Roy Upchurch testified that he was the administrator of the estate of J. H. Reddick, deceased; that there had been no claim filed with him as such administrator against the Reddick estate by Mr. Coddington; that the Reddick estate was very small.

Dr. A. A. Blair testified as to appellant's injuries.

A non-suit was taken as to all defendants except the appellees. Appellee Frank Carlton did not file any answer. The Berry Dry Goods Company filed motion to quash service and summons under § 1400 of Pope's Digest which provides that when an action is against several defendants, the plaintiff shall not be entitled to judgment against any of them on the service of summons in any other county than that in which the action is brought, where no one of the defendants is summoned in that county or resides therein at the commencement of the action, or where, if any of them resided or were summoned in another county having appeared in the action failed to object or judgment is rendered in their

favor unless the defendant summoned in another county, having appeared in the action, failed to object before the judgment to its proceedings against him.

The Berry Dry Goods Company did object, and when its motion to quash was overruled, filed an answer preserving its objections in the answer.

There was a jury trial, a verdict and judgment for appellees, and the case is here on appeal.

The appellee, Berry Dry Goods Company, contends that Reddick was an independent contractor and that it is, therefore, not liable for the negligence of Reddick or any of his servants. The evidence does not show that Reddick was an independent contractor.

An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer except as to the result of the work. *Ark. P. & L. Co.* v. *Richenback*, 196 Ark. 620, 119 S. W. 2d 515; *Miss. River Fuel Corp.* v. *Morris*, 183 Ark. 207, 35 S. W. 2d 607; 14 R. C. L. 67; *W. H. Moore Lbr. Co.* v. *Starrett*, 170 Ark. 92, 279 S. W. 4; Thompson on Negligence, vol. 1, p. 570; *J. W. Wheeler Co.* v. *Fitzpatrick*, 135 Ark. 117, 205 S. W. 302; *St. Louis, I. M. & So. R. Co.* v. *Gillihan*, 77 Ark. 551, 92 S. W. 793; *Miss. River Fuel Corp.* v. *Young*, 188 Ark. 575, 67 S. W. 2d 581; *Chapman & Dewey Lbr. Co.* v. *Andrews*, 192 Ark. 291, 91 S. W. 2d 1026.

The question of independent contractor, however, was submitted to the jury under instructions requested by both parties.

The appellant contends that because Frank Carlton filed no answer and made no defense, there should have been a verdict against him in favor of appellant. The appellant did not request the court to direct a verdict in his favor against Frank Carlton, but under an instruction requested by him, the question of Carlton's negligence and the contributory negligence of the appellant were submitted to the jury. The appellant, therefore, himself, regarded this as a question of fact to be determined by the jury.

It is next contended by the appellant that the case against the Berry Dry Goods Company is different from the case against Frank Carlton, but the Berry Dry Goods Company is situated in Sebastian county, was summoned in Sebastian county, and moved the court to quash the summons. Section 1400 of Pope's Digest provides that where there is a verdict in favor of the party summoned in the county where the case is pending, there can be no judgment against the party summoned in a different county.

Appellant concedes in his brief that the jury might have found that Frank Carlton was not negligent, but it is contended that the Berry Dry Goods Company is liable because it had not put up any safeguard to keep trash from going down the elevator shaft, and because it had not exercised ordinary care to furnish appellant a reasonably safe place in which to work. This might be true if the Berry Dry Goods Company had been summoned in the county where the case was pending; but as we have already said, under the section of the digest above mentioned, if the verdict was in favor of Carlton, who was summoned in Crawford county, there could be no verdict against the Berry Dry Goods Company summoned in Sebastian county.

Appellant complains that certain instructions given at the request of appellees were erroneous; but even if this be true, appellant cannot complain because he requested instructions on the same matters.

Appellant's instruction No. 2 submits the question to the jury as to whether Reddick was an independent contractor. We think the appellant is correct in his statement that the evidence shows that Reddick was not an independent contractor. After appellant's injury he was required to sign a contract, but the evidence shows that up to that time he had never signed any contract, and while they dated it back to April 26, the undisputed proof shows that it was not made at that time.

But when it is conceded that the jury might have found that Carlton was not guilty of negligence, it be-

comes immaterial whether Reddick was an independent contractor or a servant, and it is immaterial whether a safe place in which to work was furnished, because the verdict in favor of Carlton who was served in Crawford county, necessarily required a verdict in favor of the Berry Dry Goods Company because it was served in Sebastian county.

The question of Carlton's negligence was, by both parties, submitted to the jury, and the jury's verdict is binding here. No matter how negligent the Berry Dry Goods Company might have been in failing to provide appellant with a safe place in which to work, no judgment could be had against it because it was summoned in a different county, and there was no verdict against the party summoned in Crawford county.

The question of assumed risk and also the question of a safe place in which to work, were both submitted to the jury under proper instructions, and the jury returned a verdict in favor of the appellee.

We think that the question of Carlton's negligence was fairly submitted to the jury and that any errors that occurred, either in instructions or otherwise, could not have affected the verdict as to Carlton. That being true, there can be no verdict against the other defendant.

The judgment of the circuit court is affirmed.