ARKANSAS-LOUISIANA GAS COMPANY v. TUGGLE.

4-6099 146 S. W. 2d 154

Opinion delivered November 25, 1940.

Opinion on rehearing delivered January 6, 1941.

*Buzbee, Harrison, Buzbee & Wright, Willis Townsend* and *Wallace Townsend,* for appellants.

*Dorothy Shepard, J. H. Lookadoo, Carmichael & Hendricks* and *Henry Donham,* for appellees.

McHANEY, J. Appellee Tuggle brought this action to recover damages for personal injuries sustained by

him against appellants Arkansas-Louisiana Gas Company, hereinafter called the Gas Company, and A. L. Hursey, and Thompson, Trustee for the Missouri Pacific Railroad Company. He alleged that he was a truck hauler for hire and that, while he was engaged in unloading a car of tile on the track of the Railroad Company at Seventh street and Railroad in the city of Little Rock on September 5, 1938, he being on the inside of said car, another car higher up the track was released and rolled down by gravity and bumped into the car in which he was working with such force as to injure him; that appellant Hursey was unloading the car of pipe which was released carelessly and negligently by him; that the Railroad Company was negligent in "not providing frogs or other apparatus for stopping. cars on its tracks and in. having the track or switch so slanted or. inclined as to permit a car, when released, to run down into another car"; that the Gas Company was negligent in not protecting the cars so they would not collide; and that Hursey was negligent for failure to exercise ordinary care and in intentionally, wrongfully and negligently releasing said car.

Appellants answered with a general denial. The Railroad Company, in addition to a general denial, alleged that, if appellee were injured, it was the fault of Hursey. Trial resulted in a verdict and judgment against appellants in the sum of $5,000, and a verdict and judgment for the Railroad Company. The Gas Company and Hursey have appealed from the judgment against them, and appellee Tuggle has appealed from the judgment in favor of the Railroad Company and Thompson, Trustee.

Several assignments of error are argued by appellant, Gas Company, for a reversal of the judgment as to it. In view of the disposition we make of the first assignment, that there should have been an instructed verdict in its favor, it becomes unnecessary to consider the others. We agree with counsel for it that Hursey was an independent contractor in unloading the pipe; that the relation of master and servant did not exist between them; and that the doctrine of *respondeat superior* has no application to the facts here presented.

The facts are that Hursey was employed by the Gas Company under a contract, consisting of a proposal in writing from him to unload the two cars of pipe for $21 per car, as follows: "I agree to unload your 8" cast iron pipe at Sixth street and Railroad, on the Missouri Pacific tracks, and place same on the ground, clear of all tracks and roads, and to assume all responsibility for handling and unloading. This is to be done for twenty-one dollars ($21) per car." Mr. Rhea accepted this proposal and awarded the contract to Hursey, having received bids from others for the same purpose. Hursey hired his own help, used his own equipment and the Gas Company had nothing to do with the unloading. Appellee and some of his witnesses say that, shortly after the accident, Hursey came to the car in which appellee was working and which was knocked over the dump at the end of the team track, and stated that he was a poor man, working for the Gas Company. Assuming that this testimony was competent, it does not conflict with the fact that he was an independent contractor; because as such he was working for the gas company. Another witness testified to seeing a truck there that morning with the Gas Company's name on it. Even so, this could not have the effect of changing the status of Hursey or of making a question for the jury as to his status.

Hursey's business was that of truck hauling for others, as was also the business of appellee. His duty here was to unload the cars of pipe according to his contract. He was to produce this result by means and methods of his own choice and the Gas Company was not concerned as to how this result should be accomplished, nor with the control of the men actually doing the work. Under all our decisions, Hursey was an independent contractor, and the relation of master and servant did not exist. *Moore and Chicago Mill & Lbr. Co.* v. *Phillips,* 197 Ark. 131, 120 S. W. 2d 722; *J. L. Williams & Sons, Inc.,* v. *Hunter,* 199 Ark. 391, 133 S. W. 2d 892. This being so, the court should have granted the Gas Company's request for a directed verdict as to it.

As to Thompson, Trustee, Missouri Pacific Railroad Company, as to whom appellee has appealed, the court

should have directed a verdict in his favor. The only negligence alleged was in "not providing frogs or other apparatus for stopping cars on its tracks" and in having a decline in its tracks so that a car would run down into another car when released. The undisputed evidence shows there was no negligence in not having frogs or other apparatus, and apparently counsel for appellee, Tuggle, have abandoned this allegation, as the argument here is that the Railroad Company should have spotted the cars of pipe at a different place and was negligent in not doing so. But, assuming that the cars should have been placed farther down the track, such negligence was not the proximate cause of the injury. There was an active intervening cause, that of Hursey in releasing the brakes, and the Railroad Company is not liable for the acts of Hursey who was not its employee. It is said the Railroad Company knew the cars had to be moved. If so, it was its duty to move them and spot them where they could be unloaded. But the mere fact of spotting the cars where they were, assuming that it was negligence to do so, did not cause the injury and could only be said at the most to be the remote cause. In *Booth & Flynn* v. *Pearsall,* 182 Ark. 854, 32 S. W. 2d 404, it was said that, "in order to warrant a finding that negligence is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligent or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances." In *Pittsburg Reduction Co.* v. *Horton,* 87 Ark. 576, 113 S. W. 647, 18 L. R. A., N. S., 905, it was said: "It is a well settled rule that if, subsequent to the original negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the injury, the original negligence is too remote." So here, if we assume that the Railroad Company was negligent in spotting the car, that fact did not cause the injury, except for the intervening act of releasing the brakes. The brakes were not shown to be defective. So, the court should have directed a verdict for it. The jury found for it and the judgment as to it must be sustained.

As to appellant Hursey, we think a question of fact was made as to his liability. It was his act of releasing the brakes that caused the injury. While it is no doubt true that he had every reason to believe he could stop the car, either with the brakes or with the blocks which he attempted to place between the wheel and the rail, as a scotch, he did not succeed. He could have called on the Gas Company or the Railroad Company to spot the car in a suitable place for unloading, without assuming the risk of liability to himself, but when he chose to move it, he took the risk himself. Appellee was unloading a car of tile on the same switch or team track, was inside the car about his own business and fell on the floor of the car when the impact occurred. Tile fell on his hands. He testified that he was painfully hurt and had been unable to do any work since. Only one physician testified and he could find no injury to appellee caused by the collision. There were no broken bones and no objective showing of injury. We think the verdict and judgment excessive by $2,500, and if appellee will, within fifteen judicial days enter a remittitur for $2,500, a judgment for this amount against appellant Hursey will be affirmed. Otherwise the cause as to him will be reversed and remanded for a new trial.

### Opinion on Rehearing

McHANEY, J. On the original hearing of this case, the judgment against the Gas Company was reversed and the cause dismissed, and that judgment has become final. The judgment against appellant Hursey was affirmed with a remittitur which has been entered. The judgment in favor of the Missouri Pacific Railroad Company and Thompson, Trustee, was affirmed.

Appellant Hursey, on petition for rehearing, has called our attention to the fact that he, a resident of Pulaski county and served with summons therein, was brought to trial in Clark county because his co-defendants, the Gas Company and the Railroad Company were found and served in that county, and that, before judgment he objected "to any judgment that might be rendered against him in the trial of this cause unless

there is also a judgment rendered against one or more of his co-defendants." The Clark Circuit Court acquired jurisdiction of him by reason of § 1398 of Pope's Digest which provides: "Every other action may be brought in any county in which the defendant, or one of several defendants resides, or is summoned "

But by § 1400, Pope's Digest, it is further provided: "Where any action embraced in § 1398 is against several defendants, the plaintiff shall not be entitled to judgment against any of them on the service of summons in any other county than that in which the action is brought, where no one of the defendants is summoned in that county, or resided therein at the commencement of the action, or where, if any of them resided, or were summoned in that county, the action is discontinued or dismissed as to them, or judgment therein is rendered in their favor, unless the defendant summoned in another county, having appeared in the action, failed to object before the judgment to its proceeding against him."

While there was a judgment rendered in the lower court against the Gas Company, that judgment has been reversed and the cause dismissed, and, as said by the late Justice BUTLER, for the court, in *Fidelity Mutual Life Ins. Co.* v. *Price,* 180 Ark. 214, 20 S. W. 2d 874, "The judgment of this court dismissing the case as.to the insurance company is therefore equivalent, and in legal effect the decision in the court below." That case is exactly in point here and is controlling. Other recent cases on the subject are *Harger* v. *Okla. Gas & Electric Co.,* 195 Ark. 107, 111 S. W. 2d 485, and *Coddington* v. *Berry Dry Goods Co.,* 199 Ark. 1110, 137 S. W. 2d 249.

The judgment as to Hursey will, therefore, be reversed and the cause dismissed, with leave to appellee, if he is so advised, to bring another action against appellant Hursey where service may be had on him.