FORDYCE LUMBER COMPANY *v.* WARDLAW.

4-7100                                          176 S. W. 2d 241

Opinion delivered June 14, 1943.

*Gaughan, McClellan & Gaughan* and *Walter H. Laney, Jr.,* for appellant.

*O. E. Oates,* for appellee.

McFADDIN, J. Appellee, as plaintiff, sued appellant, as defendant, to recover for personal injuries sustained on January 22, 1940, when a log truck on which the plaintiff was riding broke through a bridge on a public road in Cleveland county, Arkansas.

For liability of the defendant the plaintiff claimed: (1) that the plaintiff was an employee of the defendant, and was not an independent contractor; (2) that defendant had given plaintiff specific assurance of safety regarding the bridges on the road; and (3) that defendant had directed the plaintiff to use the highway that necessitated traveling over the particular bridge where plaintiff was injured. The theory of the plaintiff was that he was the servant of the defendant master, and that the master owed him the duty to exercise ordinary care to provide him a reasonably safe place to work, and that when the master directed him to use a particular road and assured him the road and bridges were safe, then that direction and assurance made the road and bridges a part of his place to work, and that the master thereby became liable to him for his injuries.

The trial court submitted the case to the jury on instructions embodying the plaintiff's theory as above stated; and from a plaintiff verdict comes this appeal. The defendant contended that, under the undisputed proof, the plaintiff was an independent contractor, and an instruction was requested on that point. Further, the defendant contended that there was no actionable negligence shown, and that the defendant was not an insurer of the safety of the bridges on the public highway.

Both sides seem to have agreed that an adverse verdict on the independent contractor question would be fatal to the plaintiff's claim, because the court, without objection from the plaintiff, gave the jury the court's instruction "No. C," as follows: "If you find from the evidence in the case that Wardlaw was an independent

contractor and not an employee, then your verdict will be for the defendant, Fordyce Lumber Company."

The defendant requested instruction No. 1-A as follows: "You are instructed that under the evidence as presented in this case the plaintiff at the time he was injured was operating as an independent contractor."

We reach the conclusion, from a thorough review of the case, that this instruction No. 1-A should have been given, and that the learned trial court erred in failing to give the said instruction.

The broad general rules respecting the province of court and jury in other civil actions generally apply in cases involving independent contractors. If the contract or dealings thereunder make the relationship doubtful, or if there is testimony that the contract was a subterfuge to conceal the master and servant relationship, then a question of fact is presented for the jury; but if the contract and dealings thereunder admit of only one interpretation, then the decision is for the court. 27 Am. Jur. 539. We apply this rule to the case at bar, in reaching the conclusion above stated.

The facts here were that W. W. Wardlaw had one or more trucks and several men employed by him. Just prior to January 22, 1940, plaintiff agreed to haul some longs for the Fordyce Lumber Company from the Hicks farm and from the Fordyce golf course. Wardlaw was to haul the logs at a fixed rate per thousand, and deliver the logs on the mill yard of the company, hauling alternately one load from the Hicks farm and one load from the golf course. Wardlaw asked the superintendent of the defendant company the way to get to the logs on the Hicks farm, and was given that information. He also asked if the road was good and if the bridges were safe, and received an affirmative answer to each question.

This road information given Wardlaw was insufficient to change the relationship to that of master and servant. Wardlaw owned and controlled his own equipment; he purchased his own gasoline; he selected his own employees for the loading of the logs, driving of the truck and doing of all other work; he fixed their

wages and working time; he paid them direct; he was free to determine the amount of the load to be placed on the truck and the number of logs to be carried; he was paid by the thousand for delivery of the logs on the mill yard of the company; he was paid for the results accomplished and was free to make his own decisions and exercise his own choice. See 27 Am. Jur. 487ff. Under the facts in this case, we therefore hold that the relationship of Wardlaw to the company was that of independent contractor and not of employee.

The matter of independent contractor has been considered by this court in a number of cases where the facts were similar to the facts in the case at bar. See *Moaten v. Columbia Cotton Oil Co.,* 193 Ark. 97, 97 S. W. 2d 629; *Moore and Chicago Mill & Lbr. Co. v. Phillips,* 197 Ark. 131, 120 S. W. 2d 722; *J. L. Williams & Sons v. Hunter,* 199 Ark. 391, 133 S. W. 2d 892; *Arkansas-Louisiana Gas Co. v. Tuggle,* 201 Ark. 416, 146 S. W. 2d 154; *Rice v. Sheppard,* 205 Ark. 193, 168 S. W. 2d 198; *Crossett Lbr. Co. v. McCain,* 205 Ark. 631, 170 S. W. 2d 64, opinion delivered April 5, 1943. We consider these cases ruling in the case at bar. Thus, instruction No. 1-A of the defendant should have been given, and that instruction, along with the court's instruction "No. C," necessitates that this cause be reversed and dismissed.

Having found that there was no liability because the plaintiff was an independent contractor, it becomes unnecessary to consider the other questions raised. The cause is reversed and dismissed.

ROBINS, J., dissents.