KEATTS *v.* McALLISTER.

5-190                                     262 S. W. 2d 136

Opinion delivered November 16, 1953.

*Talley & Owen, Dean R. Morley* and *Max Howell,* for appellant.

*Mehaffy, Smith & Williams* and *B. S. Clark,* for appellee.

ROBINSON, J.   This is a personal injury case; there was a verdict for the defendant in a jury trial; the plaintiff has appealed and urges for reversal two of the assignments of error set out in the motion for a new trial; first, that the verdict is contrary to the evidence, and second, the giving of Instruction No. 13 at the request of the defendant.

On March 19, 1950, the appellant, Mrs. Henry Keatts, Jr., was driving an automobile south on Broadway in the city of Little Rock.   When she reached the point where

15th Street intersects Broadway, the defendant, George B. McAllister, who was driving his automobile eastward on 15th Street, entered Broadway and his car collided with the automobile operated by Mrs. Keatts.

On February 26, 1952, Mrs. Keatts filed this suit against McAllister, alleging that she received numerous injuries to her body and her muscles, tendons, and ligaments, and a severe and permanent shock to her entire nervous system. Defendant denied the material allegations of the complaint and pleaded contributory negligence as a defense.

In contending that the verdict is contrary to the evidence, appellant in effect says there is no substantial evidence of contributory negligence, and therefore that issue should not have been submitted to the jury. The issue of contributory negligence was submitted to the jury by the appellee's Instruction No. 5 to which appellant made only a general objection; furthermore the same issue was submitted by appellant's Instruction No. 1. An alleged error of the trial court in instructing the jury on an issue not raised by the evidence is harmless where both sides request an instruction on that issue. *National Fruit Products Co.* v. *Garrett,* 121 Ark. 570, 181 S. W. 926. In *Little Rock & M. R. Co.* v. *Moseley,* 8 Cir., 56 Fed. 1009, it is held that a party who has requested an instruction which assumes that there is some evidence as to a certain matter cannot allege error in the giving of another instruction relating to the same matter on the ground that there was no evidence in relation thereto. In *Coddington* v. *Berry Dry Goods Co.,* 199 Ark. 1110, 137 S. W. 2d 249, it is said: "Appellant complains that certain instructions given at the request of appellees were erroneous; but even if this be true, appellant cannot complain because he requested instructions on the same matters." In *The Home Company* v. *Lammers,* 221 Ark. 311, 254 S. W. 2d 65, it is said: "For instance, when the losing party has asked that a particular issue be submitted to the jury he cannot complain that all the evidence shows the verdict on this issue to be wrong."

Instruction No. 13 deals with the right of plaintiff to recover for mental anguish. However, we need not decide the correctness of this instruction since there was a general verdict for the defendant, although it was stipulated Mrs. Keatts' medical expenses amounted to $70. Therefore the jury must have found there was no negligence on the part of the defendant or contributory negligence on the part of the plaintiff; otherwise there would have been a verdict for the plaintiff for at least her medical expenses or a nominal sum as damages and her costs. In *Graves* v. *Jewell Tea Co.*, 180 Ark. 980, 23 S. W. 2d 972, it is said: "By returning a verdict for appellees [the defendant in trial court], the jury must have found either that Hewitt [the driver of defendant's truck] was not negligent or that 'she [the plaintiff] contributed to her injuries by some act on her part of omission or commission.'" In *Kihlken* v. *Barber,* 129 Ohio St. 485, 196 N. E. 164, the Ohio court said: "The verdict was a general one and was for the defendant, and it was not disclosed by answers to interrogatories or otherwise upon which issue the finding was based. The jury may have reached its conclusion upon the ground that the defendant was not negligent, or upon the ground that, under the instructions given, the defendant was relieved from liability because of the contributory negligence of the plaintiff."

Likewise in the case at bar the jury may have reached a conclusion that there was no negligence on the part of appellee or that there was negligence on the part of appellant which contributed to cause the collision, these issues having been submitted to the jury by the instructions of both parties. Therefore whether Instruction No. 13 was a correct declaration of the law as to the right of the appellant to recover for mental anguish is immaterial.

Affirmed.