417 P.2d 747

**Agustin Cota VERDUGO, Appellant,**

v.

**PO SHING GEE, Appellee.**

**No. 2 CA–CIV 123.**

Court of Appeals of Arizona.
Sept. 1, 1966.

L. Tipton Jackson, Tucson, for appellant.

Murphy & Vinson, by John U. Vinson, Gordon G. Waterfall, Tucson, for appellee.

HATHAWAY, Judge.

Agustin Cota Verdugo, plaintiff in the court below, has appealed from a judgment and order denying his motion for a new trial. He had filed a complaint for personal injuries sustained by him when he was hit by Po Shing Gee's vehicle. The matter was tried to a jury and a verdict was rendered in favor of the appellee.

Since we are reviewing a judgment and order denying a motion for a new trial, all conflicting evidence will be considered in a light most favorable to appellee. All competent evidence in support of the order is taken as true, together with all reasonable inferences which may be drawn in support of the order. Stewart v. Damron, 63 Ariz. 158, 160 P.2d 321 (1945). The trial court's ruling on a motion for a new trial on the ground that the verdict is against the weight of the evidence will not be upset on appeal, unless it is affirmatively shown that the order is unreasonable and that there is a manifest abuse of discretion. Blakely Oil, Inc. v. Wells Truckways, 83 Ariz. 274, 320 P.2d 464 (1958).

Briefly, the facts are as follows: The appellee, Mr. Gee, testified that he did not know how the accident happened for he was looking straight ahead while traveling north on Main Street at a speed less than 25 miles per hour when he saw something to the right (east) of his car. He braked, swerving to the left, and the appellant's body struck the hood of his automobile. Mr. Verdugo testified that when he left the Latin American Club he had consumed two or three beers and a small whiskey in an hour to an hour and a half. He looked to the south when he stepped off the west curb, but did not see any oncoming traffic. When he saw the approaching car it was a block away and he was in the center of the intersection. He thought that there was time to cross, and knew that he had the right of way, but he was struck before he reached the east curb.

There is conflicting testimony about appellant's direction of travel (whether he was going to the east or to the west), appellee's speed and his failure to keep a proper lookout, and the effect the con-

sumption of alcohol had on appellant's faculties.

In resolving the conflicts in the evidence favorably to the appellee and in drawing reasonable inferences therefrom, we find the evidence reasonably supports the following: The appellee was driving within the speed limit, maintaining a careful outlook, and operating a car with good brakes when the appellant whose faculties were impaired by alcohol, stepped from the east curb in front of appellee's car. There is substantial evidence to support the verdict for appellee.

Appellant's counsel, who was not counsel at trial, has attempted to argue new evidence on appeal to support his contention that the brake testimony was inconclusive. We will not consider this contention, since it involves matters outside the record.

■ The appellant assigns as error the admission of opinion testimony concerning appellant's direction of travel and appellee's speed. No objection was made below to admission of the testimony. We will, therefore, not consider this assignment of error. Jost v. Ross, 82 Ariz. 245, 311 P.2d 840 (1957).

■ Appellant contends that there is insufficient evidence showing contributory negligence. The jury's finding on the issue of contributory negligence cannot be disturbed if there is evidence from which reasonable men could find plaintiff guilty of contributory negligence. Sax v. Kopelman, 96 Ariz. 394, 396 P.2d 17 (1964).

■ The appellant submitted several instructions on the issue of contributory negligence which were withdrawn in favor of the uniform instructions. He now complains of those instructions. A party cannot complain of instructions given at his own request. Town of Williams v. Perrin, 70 Ariz. 157, 217 P.2d 918 (1950).

■ Furthermore, the appellant, by submitting instructions on contributory negligence admits there is evidence to support such instructions. See Keatts v. MacAllister, 222 Ark. 658, 262 S.W.2d 136 (1953) where the plaintiff in a personal injury action moved for a new trial, contending the verdict was contrary to the evidence. The court said in effect he was contending there was no substantial evidence of contributory negligence, and that the submission of the issue to the jury was wrong. When the plaintiff generally objected to defendant's contributory negligence instruction, and then submitted the same instruction himself, the court held he could not contend that the issue was submitted to the jury without supporting evidence.

Appellant contends in his second assignment of error that the verdict was the result of passion and prejudice because "The jury obviously believed that the police officer's conclusions were correct and that the plaintiff was drunk, was a perjurer, was therefore not entitled to recover for his serious injuries and that his witnesses perjured themselves for him." He further argues that even though no objections were made to the opinion and conclusion evidence, the trial court should not have allowed this evidence to be admitted, and the verdict resulted in a miscarriage of justice.

■ If it appears manifest that the jury was actuated by prejudice or passion, then the jury's verdict should not stand. Mayo v. Ephrom, 84 Ariz. 169, 325 P.2d 814 (1958). Except for the general allegation above, appellant does not refer to anything in the record showing that the jury was activated by passion and prejudice, and we are unable to find anything in the record indicating the jury was so motivated.

We hold that the trial court did not abuse its discretion by denying appellant's motion for a new trial.

Judgment affirmed.

KRUCKER, C. J., and MOLLOY, J., concur.