NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

MARIK JOKOBOV, *Plaintiff/Appellee,*

*v.*

GREGORY DEKERMENDJIAN, individually and as a marital community
with JESSICA DEKERMENDJIAN; and JOLIE CADEAVX, INC., an
Arizona corporation doing business as SMOKE 4 LESS,
*Defendants/Appellants.*

No. 1 CA-CV 14-0828
FILED 10-27-2016

---

Appeal from the Superior Court in Maricopa County
No. 1 CV2013-008613
The Honorable John Rea, Judge

**AFFIRMED**

---

COUNSEL

Gammage & Burnham, P.L.C., Phoenix
By Gregory J. Gnepper
*Counsel for Plaintiff/Appellee*

Gregory Dekermendjian and Jessica Dekermendjian, Phoenix
*Defendants/Appellants*

_____

**MEMORANDUM DECISION**

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Margaret H. Downie joined.

_____

**N O R R I S**, Judge:

¶1            This appeal arises out of a business dispute between former associates of Jolie Cadeavx, Inc., doing business as SMOKE 4 LESS (the "Company"), Gregory Dekermendjian and Jessica Dekermendjian, Defendants/Appellants (collectively, the "Dekermendjians"), and Marik Jokobov, Plaintiff/Appellee. On appeal, the Dekermendjians argue the superior court's findings of fact, issued after a bench trial, were not supported by the evidence and were based on fraudulent evidence submitted by Jokobov. The Dekermendjians also challenge the superior court's award of attorneys' fees under Arizona Revised Statutes ("A.R.S.") section 12-341.01 (2016). We reject these arguments and affirm the judgment in favor of Jokobov.

¶2            Before 2012, Gregory Dekermendjian was the Company's sole shareholder, corporate officer, and the director. In 2012, Jokobov became a corporate officer and director of the Company.

¶3            The disputed issues at trial centered on whether Jokobov invested in the Company by purchasing stock, and if so, the amount of his investment. Jokobov alleged he had invested in the Company with two separate payments: a $30,000 payment and a $20,000 payment. The Dekermendjians denied Jokobov had invested in the Company.

¶4            The parties tried the case to the superior court, sitting without a jury. The court found in favor of Jokobov, determining that he had tendered, and Gregory Dekermendjian had accepted, the $30,000 payment. The court did not find that Jokobov had tendered the $20,000 payment, however.

¶5            The Dekermendjians did not include the trial transcript as part of the record on appeal. Arizona Rule of Civil Appellate Procedure ("ARCAP") 11(c)(1)(B) provides that if a party challenges a judgment, finding, or conclusion, the party "must include in the record transcripts of all proceedings containing evidence relevant to that judgment, finding or conclusion." Because the Dekermendjians did not include the trial

transcript as part of the record on appeal, we presume that the missing record supports the superior court's findings. *See Blair v. Burgener*, 226 Ariz. 213, 217, ¶ 9, 245 P.3d 898, 902 (App. 2010) (citations omitted). Accordingly, we reject their argument that the superior court's findings of fact were not supported by the evidence.

**¶6** The Dekermendjians also argue the superior court's findings were based on fraudulent evidence submitted by Jokobov. Without the trial transcript we have no way of addressing this argument and no way of determining that any evidence received in evidence was improper. Therefore, we presume the trial court's findings were properly supported by the evidence received at trial. *See id.*[1]

**¶7** Finally, the Dekermendjians challenge the superior court's award of attorneys' fees to Jokobov under A.R.S. § 12-341.01. Section 12-341.01(a) provides that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney[s'] fees." Here, the superior court found that Jokobov carried his burden as to the $30,000 payment. *See supra* ¶ 4. Given this, the superior court did not abuse its discretion, *see Vortex Corp. v. Denkewicz*, 235 Ariz. 551, 562, ¶ 39, 334 P.3d 734, 745 (App. 2014) (appellate court reviews award of attorneys' fees for an abuse of discretion), in finding Jokobov the successful party. *See Berry v. 352 E. Virginia L.L.C.*, 228 Ariz. 9, 13-14, ¶¶ 21-22, 261 P.3d 784, 788-89 (App. 2011) (superior court is in the best position to determine which party has prevailed and a party can prevail even if it recovers less than the full amount initially sought). Further, the superior court noted, "The case was actively litigated. The Defendants had multiple lawyers, which increased time and expense for the Plaintiff. The Defendants made no effort whatsoever to settle the case, so the Plaintiff was forced to go to trial to vindicate a valid claim." Because the superior court considered whether the dispute could have been settled and that Jokobov was forced to take the case to trial, it did not abuse its discretion in awarding Jokobov $39,480.33 in attorneys' fees. *See Tucson Estates Prop. Owners Ass'n, Inc. v. McGovern*, 239 Ariz. 52, 56, ¶ 13, 366 P.3d 111, 115 (App. 2016) (court can

---

[1]In support of their challenge to the superior court's findings, the Dekermendjians also cite to materials included in an appendix to their opening brief. These materials are not part of the record on appeal, and we have not considered them. *See* ARCAP 11(a)(1) (record on appeal "consists of documents, []including minute entries, exhibit lists, transcripts, and other items[] filed in the superior court . . ."); s*ee also Verdugo v. Po Shing Gee*, 4 Ariz. App. 113, 115, 417 P.2d 747, 749 (App. 1966) (matters outside the record are not properly before an appellate court).

consider whether litigation could have been settled and whether awarding fees would discourage parties from prosecuting legitimate contract claims in determining amount of fees awarded) (citation omitted).

¶8 For the foregoing reasons, we affirm the superior court's judgment in favor of Jokobov. As the successful party on appeal, we award Jokobov costs pursuant to A.R.S. § 12-341 (2016) and reasonable attorneys' fees pursuant to A.R.S. § 12-341.01(A), contingent upon his compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA