Argued at Pendleton, October 28; affirmed November 26, 1929

RUSSELL WILBUR *v.* HOME LUMBER &
COAL CO. ET AL.

(282 Pac. 236)

For appellants there was a brief over the name of
*Messrs. Cochran & Eberhard* with oral arguments by
*Mr. George T. Cochran* and *Mr. Colon R. Eberhard.*

For respondent there was a brief over the name of *Messrs Raley, Raley & Warner* and *Mr. Robert S. Eakin* with an oral argument by *Mr. John F. Kilkenny.*

BELT, J. This is an action to recover damages for injury to person and property arising out of an automobile collision. Defendant is charged with negligence (a) in operating a motor truck at a dangerous rate of speed; (b) in failing to have the truck under control; (c) in operating it on the left side of the highway; (d) in failing to keep proper lookout for traffic on the highway. In its answer defendant pleaded (a) unavoidable accident; (b) contributory negligence. A verdict and judgment was had for plaintiff. Defendant appeals assigning as sole error the failure of the court to grant its motion for nonsuit.

Plaintiff, about midday on November 30, 1928, was driving his Chevrolet coupe in an easterly direction on the Oregon Trail highway between La Grande and Union. He was following at a distance of about 100 fee another car traveling in the same direction, driven by Jesse Breshears, sheriff of Union county. Albert Thompson, an employe of the defendant company, was driving an auto truck on the right side of the highway in a westerly direction. About two inches of snow had fallen on the "black top" pavement on the night before the accident and, on account of its melting, the highway was in a slippery and dangerous condition. Immediately after the truck passed the Breshears car, it commenced to skid to the right side of the highway and then turned skidding to the left side and in front of the oncoming car driven by plaintiff.

Plaintiff thus described how the accident occurred:

"* * * this truck was coming west, and immediately after passing the sheriff this truck skidded

—the hind end of the truck first skidded to our left,— the truck's right, and then I at that time probably might have stopped, but I was afraid if I threw my brakes on quick, my back end would go across the road, although I had chains on; and after he got his truck out of the skid to the right, it skidded my way, to the left, and I thought I barely had a chance to pass him,— to get by without his hitting me, but I saw I could not get by and just before the truck hit me, I turned the wheels of my car as much as I could, and ran into the bank and off the grade  *   *   *."

The truck skidded for a distance of 100 feet before it struck plaintiff's car and then continued skidding for a distance of approximately 30 feet towards the right side of the pavement before it finally stopped in a ditch. It is well to observe that the highway at the place of accident was practically level. Plaintiff further testified in substance that he first saw the truck about 100 feet distant and that he gradually applied the brakes and reduced the speed of his car to about five miles per hour at the time of being hit by the truck. The driver of the auto truck was not offered as a witness by the defendant.

We agree with appellant that the doctrine of *res ipsa loquitur* does not apply to the facts in this case, but it does not necessarily follow that the court erred in submitting the issue of negligence to the jury. This court applied the doctrine in *Francisco v. Circle Tours Sightseeing Co.*, 125 Or. 80 (265 P. 801); *Coblentz v. Jaloff*, 115 Or. 656 (239 P. 825); *Richardson v. Portland Trackless Car Co.*, 113 Or. 544 (233 P. 540), wherein a passenger was injured in an automobile bus. In these cases, however, the element of contributory negligence was not involved as it is in the instant case. We can not say as a matter of law that

plaintiff was not guilty of contributory negligence and did nothing which aided in bringing about the collision. This was a question of fact for the jury. If the accident might have arisen out of one or more causes, *res ipsa loquitor* does not apply. While there are authorities which support the contention of the plaintiff that the doctrine does apply: *Mackenzie v. Oakley,* 94 N. J. L. 66, 108 Atl. 771; *Davis v. Brown* (Cal.), 267 P. 754, the great weight of authority is to the contrary: Berry on Automobiles (6 Ed.), § 249. See cases in notes to 5 A. L. R. 1240 and 12 A. L. R. 668. We have not a case where an automobile leaves the highway and strikes a pedestrian on the sidewalk. It is one wherein there was a collision between moving vehicles.

It is noteworthy in *Osborne v. Charbneau* (Wash.), 268 P. 884, on which defendant relies, that, while the court rejected the doctrine of *res ipsa loquitor,* it approved the submission of the cause to the jury. It refused to hold, as a matter of law, that negligence could be inferred from the mere skidding of the automobile, but said that it was ''a fact to be taken into consideration by the jury along with all other facts in the case in determining whether there was negligence in the operation of the automobile.''

██ The general rule that the mere happening of an accident is not evidence of negligence does not mean that negligence may not be inferred from facts and circumstances surrounding its occurrence. It seems entirely reasonable, in the light of the facts in this case, that the jury might well have inferred, taking into consideration the distance which the auto truck skidded, its manner of impact, and its position after having struck the plaintiff, that the driver of the auto truck

was driving at a dangerous and excessive rate of speed, in view of the condition of the highway, and that he failed to have the truck under control: *Castro v. Hansen,* 123 Or. 20 (261 P. 428).

Attention is directed to *De Antonio v. New Haven Dairy Co.,* 105 Conn. 663 (136 Atl. 567), involving an automobile accident under a state of facts similar to the one at bar. It is believed that this case very strongly supports the conclusion that whether defendant was negligent was a question of fact for the jury under all the facts and circumstances of the case. The defendant contended there, as here, that, since its servant did not voluntarily drive on his left-hand side of the highway but came into that situation because of the skidding of the truck upon a slippery pavement, such failure to comply with the statute did not constitute negligence. The court said:

"Failure to keep to the right when, through no fault of the driver, an automobile skids on a slippery pavement and is thus thrown across the road, has been held to excuse failure to comply with the statute: *Chase v. Tingdale,* 127 Minn. 401 (149 N. W. 654); Huddy on Automobiles (7 Ed.), § 333; Berry on Automobiles, § 865. But, if such skidding results from negligent acts or omissions of the driver, he is not absolved from the consequences of breach of the rule, although it is not deliberate or intentional."

The judgment of the lower court is affirmed.

AFFIRMED.