[Civil No. 3250.   Filed June 20, 1933.]

[22 Pac. (2d) 1080.]

EDITH T. SAWYER, Administratrix of the Estate of THOMAS S. SAWYER, Deceased, Appellant, v. PEOPLE'S FREIGHT LINES, INC., and WILLARD THOMPSON, Appellees.

Messrs. Conner & Jones and Mr. H. O. Juliani, for Appellant.

Messrs. Kingan, Darnell & Nave, for Appellees.

ROSS, C. J.—This action is prosecuted against People's Freight Lines, Inc., and Willard Thompson,

driver, for damages to the estate of Thomas S. Sawyer, alleged to have been caused by defendants negligently killing said Sawyer in an accident on the Tucson-Florence-Phoenix public highway on July 1, 1931. The complaint alleges that Sawyer died on said day at about three o'clock in the afternoon "by the wrongful act, and neglect, and default of the defendants, which wrongful act and neglect" are described (we give the substance only) as follows: That said decedent was traveling on horseback on said highway, in an easterly direction, and when about three-quarters of a mile west of Midway Station, "where said road runs through a slightly depressed land," he crossed it from the south to the north with caution and care; "that upon reaching a point off the highway about seven feet from the north edge thereof, the decedent and horse were . . . violently struck and thrown to the ground, off the highway as aforesaid by a (defendant's People's Freight Lines, Inc.) heavy freight motor truck with trailer which was going toward Florence in a westerly direction," killing decedent and the horse.

Defendants' answer consists of a general demurrer and a general denial.

The only eye-witness to the accident was defendant Thompson, who was the driver of the truck. The testimony of this witness, and that of others who immediately after the accident examined the ground, disclosed the following facts: The truck, weighing ten or twelve tons, with a two-ton load, was proceeding west on its way from Tucson to Phoenix and had just ascended a slight rise, and, at its apex or near there, the driver, Thompson, saw decedent approaching on horseback from the opposite direction. At the time each was on his side of the road, which at this point curved slightly to the left. Decedent was on his way to visit a neighbor, who lived on the

north side of the road, and evidently undertook to cross to that side. The tracks of the horse show this. They were traced for about 150 feet on the south side of the road going east to a point at or near where the accident occurred, where the tracks suddenly changed to a direction across the road to the north side. From 25 to 50 feet east of this point, as shown by the marks, the brakes on the truck were applied and were not released thereafter. According to Thompson's testimony and the tracks made by the truck, the latter was all the time on the right side of the road, traveling from 10 to 15 miles per hour, and decedent was on the opposite side cantering or loping until just before the accident; that while each was proceeding thus, decedent's horse suddenly turned to cross to the north, and Thompson, in his effort to avoid running into decedent, applied the brakes and swerved to the right and struck or collided with the decedent at the north side of the road, or just off that side.

The complaint charges general negligence only, on the theory that the facts bring the case within the maxim *res ipsa loquitur*. The court was of the opinion that the rule was applicable and gave instructions accordingly. The jury returned a verdict for defendants, and plaintiff has appealed.

She now claims that the instructions on the doctrine of *res ipsa loquitur* were incorrect, ambiguous, contradictory, etc. We agree that if the principle of the doctrine of *res ipsa loquitur* applies the instructions were erroneous, but are firmly of the opinion such doctrine does not apply to the facts of this case.

We think it may be stated that the universal rule is that a party who claims damages for an injury cannot rest upon the mere showing of such injury. He must go further and establish by a preponderance

of the evidence the negligence on the part of the defendant which caused such injury. In some cases the maxim *res ipsa loquitur,* which is a rule of evidence only, steps in and supplies sufficient proof of negligence to require the defendant to show that it was not through his fault that plaintiff was injured. Such cases arise: "Where the thing which caused the injury complained of is shown to be under the management of defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of care. This statement of the rule of *res ipsa loquitur,* based on the expression in an early English case, which has been widely quoted with approval, has been in substance most frequently adopted and applied in subsequent decisions so that the occurrence of an injury under the circumstances therein set forth raises a presumption or permits an inference that the party charged was guilty of negligence." 45 C. J. 1193, § 768. If the elemental facts enumerated in this rule are present, a plaintiff has established a *prima facie* case. The presumption or inference of negligence arises from the inherent nature and character of the act causing the injury. It is said:

"The future is measured and weighed by the past, and presumptions are created from the experience of the past. What has happened in the past, under the same conditions, will probably happen in the future, and ordinary and probable results will be presumed to take place until the contrary is shown." 20 R. C. L. 186, § 156.

An examination of the cases, and they are legion, in which this rule has been applied, discloses that they are not by any means of a uniform type. Com-

mon to them all, however, there is a fact situation in which if the offending *res* or thing had been in a reasonably safe condition and under proper control the injury ordinarily would not have been sustained. Typical cases in which the rule of evidence has been applied are those growing out of the relation[1] of common carrier and passenger, and cases where an injury has been sustained by falling objects. In these cases it is presumed, in the absence of an explanation by the defendant, that the accident and injury arose from want of reasonable care. These are examples of cases, and there are many others, to which this rule of evidence is peculiarly applicable.

Under this rule it is not only essential that the offending instrumentality be under the management of the defendant, but it must be shown that it proximately caused the injury. If it appear that two or more instrumentalities, only one of which was under defendant's control, contributed or may have contributed to the injury, the rule cannot be invoked. Where two objects come together in a collision while under separate control, this rule of evidence cannot be applied and no inference or presumption that the collision was caused by one more than the other can be reasonably drawn. *Wilbur* v. *Home Lumber Co.,* 131 Or. 180, 282 Pac. 236; *Johnson* v. *Herring,* 89 Mont. 420, 300 Pac. 535. It is said that:

''Where there are several persons or causes which might have produced the injury, some of which were under the control or management of defendant and others of which were under the control or management of the complaining party or of third persons, and the accident may have reasonably occurred by reason of acts for which defendant is not liable, the doctrine cannot be invoked. So the mere possibility that defendant's act could have caused the damage does not warrant the application of the doctrine, and the same is true where it is a matter of surmise or conjecture only that the damage was due to a cause

for which defendant is liable." 45 C. J. 1213, 1214, § 780.

It is quite evident that the facts of this case do not bring it within the rule of evidence that has grown out of the maxim *res ipsa loquitur,* and that if the court instructed the jury that they do the instruction was more favorable to the plaintiff than it should have been under the law. A jury under the evidence might just as reasonably have found decedent's death was caused by his own act, or that of his horse, as that it was caused by the negligence of defendants. It is said that: "There are happenings attended by such circumstances as that the story of what happened cannot be told without disclosing the responsibility for what happened." *Ivins* v. *Jacob,* (D. C.) 245 Fed. 892, affirmed (C. C. A.) 250 Fed. 431. The telling of what happened in this case does not disclose who or what was responsible for the accident.

The complaint probably was drawn on the theory that the facts bring the case within the rule announced in what are called "sidewalk cases." Sidewalks being in fact safety zones, an injury to a pedestrian thereon by a motor vehicle has been held to be *prima facie* evidence of negligence on the part of the driver. *Brown* v. *Des Moines Steam Bottling Works,* 174 Iowa 715, 156 N. W. 829, 1 A. L. R. 835, notes I and IV, at pages 840 and 844. When an automobile leaves the highway and strikes a pedestrian on a sidewalk, the unusualness of the act is such as that the telling thereof strongly indicates the driver's responsibility for the injury and makes it his duty to explain that the cause of the accident was other than his negligence.

The allegation in the complaint in effect is that defendants "by wrongful act and neglect" violently struck decedent when he had reached a point about

seven feet off the highway. It is not shown that the decedent was in a safety zone for horseback riders, or that he had any better right to be at that point than defendants' truck. The facts upon which the courts have applied the doctrine of *res ipsa loquitur* to sidewalk cases are not found in the case. Whether the collision was on the road or to one side thereof does not affect the defendants' responsibility or modify or lessen plaintiff's burden of proving her case by a preponderance of the evidence. In either case she cannot rest upon the mere proof of injury, but must go further and show that the proximate cause of the injury was the negligence of the defendants. The plaintiff has relied upon general negligence in a case where the presumption or inference of negligence does not apply. The mere proof that the decedent sustained injury in the manner pleaded did not establish a *prima facie* case, and since there are no allegations of specific acts of negligence she stated no cause of action.

The case should not have been submitted to the jury. It can make no difference, therefore, whether the instructions were a correct statement of the law or not, and for that reason we do not discuss them.

The judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.