411 P.2d 58

Mary Ann McCARTHY, by her Guardian ad Litem, Dale Webb, and Dennis S. McCarthy, husband and wife, Appellants,

v.

KENOSHA AUTO TRANSPORT CORPORATION and Albert E. "Doc" Adams, et al., Appellees.*

No. 2 CA–CIV 19.

Court of Appeals of Arizona.

Feb. 10, 1966.

ᵉ This appeal was filed with the Arizona Supreme Court and assigned that court's No. 7470. The matter was referred to this court pursuant to A.R.S. § 12–120.23.

R. N. Pomeroy, Superior, William P. Mahoney, Jr., Phoenix, for appellants.

Snell & Wilmer, by Mark Wilmer, Phoenix, for appellees.

MOLLOY, Judge.

This is an appeal from a decision of the superior court for the defendants in a personal injury action based on injuries sustained by the plaintiff as a result of a collision between an automobile driven by the plaintiff and a truck trailer transport driven by the defendant, Albert E. "Doc" Adams, for the defendant, Kenosha Auto Transport Corporation. Plaintiff contends that the trial court erred in (1) refusing to give requested instructions and (2) in denying plaintiffs' motion for a new trial.

At the outset it may be noted that neither the appellants' brief nor the abstract of record which appellants caused to be forwarded to this court contains a copy of the requested instructions which were refused by the trial court. In Moreno v. Moore, 47 Ariz. 529, 57 P.2d 316 (1936), it was held that the appellate court will not consider error in instructions if the instruction is not included in the abstract of record. The deficiency, however, has been supplied in this case by appellees' brief.

The collision in question occurred on the state highway between Apache Junction and Florence Junction at the site of the Superstition Mountain historical marker. At that point there is located a turnoff road and a parking lot, the western entrance to which is somewhat obscured by trees and bushes. The roadway several hundred feet to the west of the entrance to the historical marker is lower than the roadway immediately in front of the marker at which point the collision occurred. On the date of the accident the defendant-driver was proceeding easterly, about a length and a half of his rig behind an automobile driven by the eyewitness, one Kyle. Kyle indicated by the use of his blinkers that he was going to turn to the right into the historical marker and did so. Defendant-driver's truck then collided with the automobile driven by the plaintiff. Defendant-driver testified that he had not seen the plaintiffs' automobile before it suddenly appeared in front of him, pulling onto the roadway, and that he immediately applied his brakes. The eyewitness, Kyle, testified that when he first saw the plaintiffs' car "There was dust rising around it, leading me to believe it had come on the road from either right or left. I wouldn't know which way it came on the road from." Photographs of the plaintiffs' car, part of the evidence in the record before us, clearly indicate that defendant's truck collided with the left rear fender of

plaintiffs' automobile, indicating that the automobile was at an angle to the center of the roadway. This fact was confirmed by the highway patrolman who investigated the accident.

■ Plaintiffs' first assignment of error refers to the trial court's refusal to give plaintiffs' requested instruction No. 2, a verbatim statement of A.R.S. § 28–701, subsec. E:

"The driver of every vehicle shall, consistent with the requirements of subsection A, drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, *when approaching a hill crest*, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions." (Emphasis added)

Plaintiffs objected to the trial court's refusal to give the requested instruction on the general ground that "There was evidence in the record to support the instruction; and we feel that it was a reasonable and proper instruction." On appeal, plaintiffs' assignment of error, proposition of law, and argument are limited to the contention that the requested instruction should have been given because Arizona law requires the driver of a motor vehicle to drive at an appropriately reduced speed " * * * when approaching a hill crest." We accordingly abstain from considering whether the instruction should have been given on any other grounds. 16 A.R.S. R.Civ.P., rule 51 (a); 17 A.R.S. R.Sup.Ct., rule 5(c); City of Tucson v. Koerber, 82 Ariz. 347, 313 P.2d 411 (1957).

Referring to this statute (A.R.S. § 28–701, subsec. E), the Arizona Supreme Court has said, in Wolfe v. Ornelas, 84 Ariz. 115, 118, 324 P.2d 999, 1000 (1958):

"To have a rational meaning the statute must be given the interpretation that if under the conditions because of actual or potential hazards, it is ap-

propriate to reduce an otherwise lawful speed such should be done, otherwise it is not required."

■■ The only evidence revealed by the record with respect to the speed of defendant's vehicle consists in the testimony of the operator of a service station one and three-quarter miles from the site of the accident and testimony of the defendant-driver. Both testified that the speed of defendant's vehicle was under 50 miles an hour, and both gave credible reasons for their conclusion regarding the speed of the vehicle, including the type of equipment involved, with which both were acquainted, and the grade of the highway. Similarly, no evidence was introduced regarding the posted speed limit at the point of the accident. Therefore, it will be assumed that the speed of the truck at the point of collision was within lawful limits. Negligence will not be presumed; the burden of proving it rests with the plaintiff. Restatement (Second), Torts § 328A; Pickwick Stages Corporation v. Messinger, 44 Ariz. 174, 36 P.2d 168 (1934).

The physical evidence introduced was such that a "hill crest" would have to be practically any elevation to include the area under consideration. The roadbed preceding the accident site was variously described as a "dip," a "swale," an "undulation," a "depression," or "lower" than at the accident site. One witness did use the word "crest," but the context negates the conclusion of an actual hill crest as these words are commonly understood. Viewing the physical evidence before us, photographs of the scene and terrain, we are led to conclude that the proposition urged by appellants would lead to an intolerable and unnecessary result. Our highways frequently roll with the landscape, and "dips" to accommodate floodwater run-off are not uncommon, so that, to follow appellants' urging, a non-negligent motorist could only be one who constantly proceeded at an " * * * appropriate reduced" speed.

■ In Marks v. Goodding, 96 Ariz. 253, 394 P.2d 192 (1964), it was held to be prej-

udicial error for the superior court to give an instruction that a driver was required to drive at an appropriately reduced speed when approaching an intersection where the evidence revealed no intersection, but only a crossover road between lanes of a divided highway. By analogy, if it is error to instruct on speed at an intersection which doesn't exist, so too, it would be error to instruct on a "hill crest" which the evidence does not substantiate. We hold that it was not error for the trial court to refuse to give plaintiffs' requested instruction No. 2.

■ Appellants next contend that the trial court erred in refusing to instruct the jury on the doctrine of res ipsa loquitur. We are unable to concur. The doctrine of res ipsa loquitur is nothing more than a rule of circumstantial evidence, under which the jury may reasonably infer both negligence and causation from the mere occurrence of the event and the defendant's relation to it. Restatement (Second), Torts § 328D, comment *b;* McKeever v. Phoenix Jewish Community Center, 92 Ariz. 121, 123, 374 P.2d 875, 876, 1 A.L.R.3d 957 (1962). If it is nothing more than a rule of evidence, there is some question as to whether a jury instruction upon the subject need ever be given.[1] The Supreme Court of Washington has so viewed the doctrine. Chase v. Beard, 55 Wash.2d 58, 346 P.2d 315 (1959).

■ But, in any event, the doctrine has no pertinency here. It has been held in this state that the applicability of the doctrine is limited to those cases wherein the following elements are revealed by the evidence:

"* * * the thing which causes the injury must be under the exclusive control of the defendant; the injured person must be without fault; and the injury must be such as in the ordinary course of things does not occur if one having such control uses proper care." Nieman v. Jacobs, 87 Ariz. 44, 48, 347 P.2d 702, 704 (1959)

■ The doctrine has been held to be inapplicable to situations involving multiple instrumentalities. In Nieman v. Jacobs, supra, the following language appears:

"While we express no opinion on the merits of these two possibilities we must note that 'if * * * there are two concurring causes of the accident * * * and there is no evidence it was any more likely that the injury was caused by the negligence of defendant than by that of the stranger, the rule (of res ipsa loquitur) does not apply.' Phen v. All American Bus Lines, Inc., supra [56 Ariz. 567, 110 P.2d 228]. This statement is nothing more than a reiteration of the rule that the doctrine of res ipsa loquitur does not apply where the facts shown are equally consistent with the hypothesis that the injury sued for was caused by negligence of either party or of both combined." 87 Ariz. 44, 48, 347 P.2d 702, 705 (1959)

Earlier, in Sawyer v. People's Freight Lines, Inc., 42 Ariz. 145, 22 P.2d 1080 (1933), the Arizona Supreme Court had said:

"Under this rule it is not only essential that the offending instrumentality be under the management of the defendant, but it must be shown that it proximately caused the injury. If it appear that two or more instrumentalities, only one of which was under defendant's control, contributed or may have contributed to the injury, the rule cannot be invoked. Where two objects come together in a collision while under separate control, this rule of evidence cannot be applied and no inference or presumption that the collision was caused by one more than the other can be reasonably drawn. Wilbur v. Home Lumber Co., 131 Or. 180, 282 P. 236; Johnson v. Herring, 89 Mont. 420, 300 P. 535." 42 Ariz. 145, 150, 22 P.2d 1080, 1082 (1933)

---

1. The writer of this opinion has expressed the opinion that in Arizona the instruction should not be given. Molloy, "Jury Instructions in Arizona," 6 Ariz.L.Rev. 27, 36 (Fall 1964).

■ We believe that under this law the undisputed facts of this case eliminate the res ipsa doctrine.

It requires no elaborate discussion to dispose of appellants' contention that the trial court erred in denying its motion for a new trial. Appellants contend that there was "* * * absolutely no evidence that the plaintiff pulled suddenly out onto the road, nor was there credible testimony to the effect that the plaintiff was guilty of contributory negligence," and that, therefore, viewing the evidence, the trial court abused its discretion in denying a new trial.

If the testimony supported appellants' contention, the denial would clearly constitute an abuse of discretion. Such is not the case. Both the defendant-driver and the only eyewitness gave testimony which would justify a jury conclusion that the plaintiff did in fact pull suddenly out onto the road. Such testimony has not been impeached.

■ A trial court should not weigh the evidence and substitute its judgment for that of the jury if there is substantial evidence to warrant submitting the case to the jury. Jimenez v. Starkey, 85 Ariz. 194, 335 P.2d 83 (1959). A motion for a new trial on the ground that the verdict is against the weight of the evidence is addressed to the sound discretion of the trial court, and its ruling will be upset only where it is affirmatively shown that the order is unreasonable and a manifest abuse of discretion under the state of the record and the circumstances. Blakely Oil v. Wells Truckways, 83 Ariz. 274, 320 P.2d 464 (1958). We hold that the trial court did not abuse its discretion in denying appellants' motion for a new trial.

Affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.