# 486

453 P.2d 997

Dorothy Mae HIBBITTS, widow of Hilton Rubell Hibbitts, Deceased; and Jessie Merle Hibbitts, widow of William Hays Hibbitts, Deceased, Appellants,

v.

WALTER JACOBY & SONS, Farm Chemicals, Inc., a corporation, and Richard Jacoby, Appellees.

No. I CA–CIV 655.

Court of Appeals of Arizona.

May 5, 1969.

Dykes, Selden, Bayham & Fike, by Alan Philip Bayham, Phoenix, Norris D. Walter, Chandler, for appellants.

Benton & Case, by Williby E. Case, Jr., Yuma, for appellees.

HATHAWAY, Judge.

This appeal arises out of an action for wrongful death. The cause was tried to a jury and a defense verdict was returned. The plaintiffs have appealed from the judgment entered on the verdict against them and from the order denying their motion for new trial.

The two decedents, who were partners in a welding business, had contracted a job in Somerton, Arizona. The situs of the job was the defendants' fertilizer plant. They went onto the premises with building materials, welding equipment and a boom truck to erect what was to be a 90-foot fertilizer tower with an elevator. Their work was in an area traversed by high voltage power lines carrying 7,200 volts. It was the policy of the defendant company to have the power in these lines shut off, by the utility company, whenever a boom truck or trains were operating in proximity of the lines. The decedents had been told of this policy.

The accident occurred several days after the decedents began work. The record is not entirely clear in showing the progress of construction at the time of the accident which gave rise to the action herein. It appears, however, that the work had not gone beyond ground level activities and the boom truck, although taken to the job site,

was being used only for moving steel H-beams which were too heavy to move with the fork lift. An employee of the decedents testified that the day before the accident he overheard them discussing the hot lines, and one stating that the other would have to take care of the problem. This same employee testified that he had previously guided one of the decedents who used the truck in moving the steel beams. Since this employee's eyes were burned from the glare of the welding equipment, he was transferred to a painting job and on the morning of the accident, October 10, 1963, was painting in a position where he did not see the accident as it occurred.

Shortly after going on the job that morning, one of the decedents was moving the boom truck when the cable on the boom came into contact with the power lines. As he stepped from the truck, he was electrocuted as was his partner who came to his aid.

The plaintiffs complain on appeal that the trial court erred in its refusal to grant a new trial, contending that the verdict is contrary to the manifest weight of the evidence. This contention is based upon the defendant's stated policy that it always de-energizes high voltage lines when people are working in proximity thereto. The plaintiffs argue that the decedents were working around the high voltage lines at the time in question, but the defendant failed to de-energize the lines which electrocuted the decedents.

 In reviewing a judgment and order denying a motion for a new trial, we consider all conflicting evidence in the light most favorable to the appellee, and all competent evidence supporting the judgment will be taken as true. Verdugo v. Po Shing Gee, 4 Ariz.App. 113, 417 P.2d 747 (1966); McCarthy v. Kenosha Auto Transport Corporation, 2 Ariz.App. 620, 411 P.2d 58 (1966), and the judgment will not be disturbed unless a manifest and unreasonable abuse of discretion in the denial of the motion for new trial is disclosed.

 Viewed in this light, the testimony does not support the plaintiffs' position. The testimony indicates, rather, that the decedents had been notified by the defendant's agents that the power would be disconnected whenever requested. No request was made, and apparently the decedents decided that they could work in proximity of the high voltage lines without their being de-energized. There was no showing that the defendant was aware that the boom was being operated next to the power line prior to the accident. The defendant's manager testified only that he saw the truck, unattended, parked some twenty feet from the lines.

 In considering the second question presented for our consideration, whether the trial court erred in striking all allegations relative to wantonness and exemplary damages from the plaintiffs' pleadings, and in its refusal to give instructions on wantonness and exemplary damages, we have reviewed the record to determine whether the circumstances, and disclosed by the facts, would support punitive damages. We have concluded that the trial court acted properly. There is no evidence that would support a conclusion that the defendants wilfully failed to have the power shut off, with knowledge of probable injury to the decedents. See Nichols v. Baker, 101 Ariz. 151, 153, 416 P.2d 584 (1966).

The judgment is therefore affirmed.

MOLLOY and KRUCKER, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.