NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In the Matter of the:

LINDA J. BERKLEY TRUST.

TROY BERKLEY, Individually, and as Trustee of the ESTATE OF LINDA
J. BERKLEY TRUST; SHERRI CORTEZ, *Petitioners/Appellees*,

*v.*

RICK G. KOENIG, *Respondent/Appellant*.

No. 1 CA-CV 13-0659

FILED 10-09-2014

Appeal from the Superior Court in Maricopa County
No. PB2011-001479
The Honorable Brian S. Rees, Judge Pro Tempore
The Honorable Richard L. Nothwehr, Judge Pro Tempore

**AFFIRMED IN PART; REVERSED IN PART; REMANDED**

COUNSEL

Troy Berkley, Phoenix
*Petitioner/Appellee*

Jayne M. Sassano, Attorney at Law, Phoenix
By Jayne M. Sassano
*Counsel for Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Samuel A. Thumma joined.

_____

**G O U L D**, Judge:

¶1          Appellant Rick Koenig, former trustee of the Linda J. Berkley Living Trust dated March 13, 2010 ("Trust"), appeals from the denial of his motion for new trial. He argues the court improperly denied his request for reimbursement from the Trust for expenses he incurred as trustee and challenges the finding that loans made by, and liens held by, the Trust had been satisfied. Finding that the court did not decide the propriety of Rick's reimbursement requests, we remand on that issue and otherwise affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2          Linda Berkley is survived by four adult children, including Troy Berkley, Jr. and Rick Koenig. Linda had set up a Trust. The Trust provided that, after satisfying specific bequests, the trustee was to distribute Trust assets in four equal shares to Linda's four children. Rick was the original trustee; he was removed on Troy's petition, and Troy was then named successor trustee.

¶3          Troy claimed Rick mismanaged the Trust by wrongly repossessing and then selling Troy's 2000 BMW on which Rick claimed the Trust had a lien. Troy also claimed Rick failed to distribute $56,188.39 received from the sale of a house owned by the Trust to the beneficiaries. On the other hand, Rick sought reimbursement from the Trust for expenses he claimed were properly made while he was trustee.

¶4          The court held three evidentiary hearings on these issues, the first two with one Commissioner and the third with a different Commissioner. After the first evidentiary hearing, Rick deposited $30,000 with the court pursuant to the court's order. This amount, Rick claimed, was the net proceeds from the sale of the house owed to the Trust.

¶5          During the second evidentiary hearing, the court questioned Rick in some detail about his reimbursement request; however, it did not rule on the appropriateness of his claimed Trust expenses. The court then

2

ordered a third evidentiary hearing to consider Troy's claims for reimbursement to the Trust from certain unrelated credit union accounts. The first Commissioner also ordered Rick to deposit with the court an additional $26,188, representing its determination of the balance of the sale price received from the house. Rick did not comply with this order.

¶6 After the second evidentiary hearing, the court also found the Trust had a lien on Troy's BMW, but found no evidence the BMW was properly repossessed. Accordingly, because the repossession was improper, the court ordered the Trust to pay Troy the proceeds from the sale of the BMW in the amount of $3,600 less the value of the outstanding lien.

¶7 The case was then transferred to the second Commissioner, who presided over the third evidentiary hearing. At the third hearing, Rick claimed he had not had the opportunity to present evidence supporting his reimbursement request for Trust expenses incurred while he was trustee, and wanted to do so as a setoff to the $26,188 deposit required by the court. The court, however, understood the hearing was solely to resolve the credit union account issue and that Rick's request for reimbursement had already been resolved. Also, despite Rick's argument to the contrary, the court deemed the issue of proceeds from the sale of the BMW resolved. The court directed that judgment be entered against Rick for the $26,188 that he had not yet deposited.

¶8 Rick moved for a new trial. He challenged the rejection of his reimbursement request and the release of $3,600 from the Trust to Troy for the BMW without any reduction for the lien. The court found that Rick had attempted to present evidence of Trust-related expenses as a setoff before the first Commissioner. The court also noted the first Commissioner ordered Rick to reimburse the full amount without any setoff. Accordingly, the court concluded the issue had been resolved on the merits and denied Rick's request that it be reconsidered. The court similarly denied the motion for new trial regarding the amount of any lien on the BMW.

¶9 Rick timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(5)(a), (A)(9) (West 2013).

## DISCUSSION

¶10 We review the denial of a motion for new trial for an abuse of discretion; "the burden is on the party seeking to overturn the trial

court's judgment to show such an abuse." *Sandretto v. Payson Healthcare Mgmt., Inc.*, 234 Ariz. 351, 355, ¶ 8, 322 P.3d 168, 172 (App. 2014). In doing so we do not reweigh the evidence. *Adroit Supply Co. v. Elec. Mut. Liab. Ins. Co.*, 112 Ariz. 385, 390, 542 P.2d 810, 815 (1975). An abuse of discretion is discretion "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Quigley v. City Court of Tucson*, 132 Ariz. 35, 37, 643 P.2d 738, 740 (App. 1982). We consider the evidence in the light most favorable to the prevailing party. *Hibbitts v. Walter Jacoby & Sons*, 9 Ariz. App. 486, 487, 453 P.2d 997, 998 (1969).

I.      Rick's Request for Reimbursement for Expenses as Trustee.

**¶11**          A trustee is entitled to reimbursement from the Trust for expenses properly incurred in the administration of the Trust. A.R.S. §§ 14-10709, -10801. On appeal, Rick contends the evidence presented at the first two evidentiary hearings did not support the first Commissioner's order that Rick deposit the full $26,188 without setoff for expenses. He argues the court abused its discretion in refusing to reconsider that order.[1]

**¶12**          The first Commissioner did not enter any ruling expressly approving or rejecting Rick's reimbursement requests in whole or in part. At the second evidentiary hearing, the court expressed concerns with at least certain aspects of Rick's reimbursement request. The court noted that the explanatory annotations were insufficient and vague, contrary to Arizona Rule of Probate Procedure 33(B), and that certain entries appeared to reflect Rick's personal expenses. Rick also conceded that some of the expenses were for services to Linda's empty house that should have been discontinued, such as internet, DirecTV, and newspaper delivery. Following the hearing, the first Commissioner ordered Rick to deposit with the court the $26,188 balance from the sale of the home. But there is no statement in the record that, in doing so, the first Commissioner was denying Rick's request for reimbursement in its entirety, or even addressing that request.

---

[1]      Rick also contends that the scope of the third evidentiary hearing was improperly constrained to not address his reimbursement request. The stated purpose of the third evidentiary hearing was to address the credit union accounts, not reimbursement. Accordingly, the court did not err in delineating the scope of the third evidentiary hearing.

¶13        Rick's request for reimbursement sought payment for various expenses, including Linda's funeral expenses and property taxes on the home.   If factually supported, these expenses appear to be legitimate Trust expenses subject to reimbursement.  *See* A.R.S. § 14-10709. The nature of these claimed expenses undercuts the second Commissioner's conclusion that the first Commissioner's order that Rick deposit the $26,188 balance from the sale of the home was an implicit rejection of Rick's request for reimbursement in its entirety.   Such a conclusion is not supported by the record.  *See King v. Superior Ct.*, 138 Ariz.  147, 152, 673 P.2d 787, 792 (1983) ("If a trial judge realizes that an erroneous ruling has been made, he must act to prevent a miscarriage of justice.").   Accordingly, the court's decision not to consider Rick's request for reimbursement is vacated.

II.      The BMW Lien.

¶14        Rick also argues that the second Commissioner wrongly permitted Troy to pay himself $3,600 from the Trust without any determination of the outstanding amount of the lien the court found existed on the BMW.  The first Commissioner found that the Trust held a lien on the BMW, a finding not challenged in this appeal.  Although Rick testified Linda told him the loan had not been repaid, no evidence was presented about the original amount of the loan or the amount, if any, still owing.

¶15        Rick had ample opportunity to establish the amount of the lien during the evidentiary hearings, but admitted he had no documentation or knowledge as to the outstanding lien amount.  Thus, the record does not reflect any proof the lien remained outstanding.  Rick had more than one opportunity to prove any outstanding amount and has failed to do so; Rick is not now entitled to a new trial on the issue.  *See Wendling v. Sw. Sav. & Loan Ass'n*, 143 Ariz. 599, 602, 694 P.2d 1213, 1216 (App. 1984) (stating that a court will only grant a new trial if it appears the newly discovered evidence could not have been discovered earlier by exercise of due diligence).

III.     Other Loans.

¶16        Finally, Rick argues Troy received loans from Linda for as much as $80,000 that should be repaid to the Trust and the proceeds distributed to the beneficiaries.  He relies on a Loans List to support his claim.  The Loans List is a copy of a handwritten list of dates, amounts, and check numbers or other annotations.  Rick testified that the document

was prepared by Linda and that it represented the loans she made to Troy and expected to be repaid. Copies of two checks corresponding to two items on the Loans List show that Troy received at least those amounts. However, the document on its face is not identifiable as a list of loans as opposed to a list of expenses or gifts, or as being concerned only with Troy. Furthermore, Troy offered testimony disputing Rick's claims.

¶17        Having weighed and assessed the evidence, including credibility, the first Commissioner found that any advances "were more of a personal distribution, and not necessarily an advance of a Trust asset." The evidence was equivocal and conflicting. This court will not reweigh the evidence, and defers to the trial court on matters of witness credibility. *In re Estate of Pouser*, 193 Ariz. 574, 579, ¶ 13, 975 P.2d 704, 709 (1999) (reweighing evidence); *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347-48, ¶ 13, 972 P.2d 676, 680-81 (App. 1998) (witness credibility). Because the trial court's ruling was not contrary to the weight of the evidence, there was no abuse of discretion in denying Rick's motion for new trial on the issue of the alleged loans made to Troy.

IV.     Rick's Request for Attorney Fees.

¶18        Rick requests an award of costs and attorney fees for proceedings in both this court and the superior court pursuant to A.R.S. § 14-11004(B) (stating that a court "may order that a party's reasonable fees . . . be paid by any other party or the trust"). On remand, we direct the trial court to reconsider whether Rick may be awarded attorney fees incurred at the trial court and appellate level litigating the reimbursement issue. *See Broemmer v. Abortion Serv. Of Phx., Ltd.*, 173 Ariz. 148, 153, 840 P.2d 1013, 1018 (1992). We deny Rick's request for costs; each party shall bear his own costs.

**CONCLUSION**

**¶19** We vacate that portion of the order denying Rick's motion for a new trial with respect to his reimbursement request and remand for further proceedings on that issue. In all other respects, the superior court's order is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: gsh